818 F.2d 877
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William D. FARRIOR, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 Appeal No. 86-1720.
 United States Court of Appeals, Federal Circuit.
 March 26, 1987.
 
 M.S.P.B., 31 M.S.P.R. 268(T)
 AFFIRMED.
 Before NIES and NEWMAN, Circuit Judges, and RE, Chief Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 William D. Farrior seeks review of the final decision of the Merit Systems Protection Board, Case No. AT03538510193-1, sustaining the Department of the Navy's decision denying his request for restoration to his former position as a Warehouse Foreman. We affirm.
 
 DISCUSSION
 
 2
 An employee who takes more than one year to fully recover from a compensable injury is entitled to priority consideration for restoration to his former or an equivalent position. 5 U.S.C. Sec. 8151(b)(2) (1982). 5 C.F.R. Sec. 353.102(e) states that " '[f]ully recovered' means compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he left or an equivalent one."
 
 
 3
 The Board's finding that Farrior was not a fully recovered employee within the meaning of section 353.102(e) is supported by substantial evidence. Farrior testified that he is fully capable of performing his former duties. On the other hand, Frazelle, an Employment Superintendent for the agency, testified that Farrior's physical limitations prevented him from returning to his former position. The presiding official's decision was based in part on his credibility determination between these witnesses which has not been shown to be an abuse of discretion. See Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). The presiding official also properly based his decision on the absence of any medical evidence indicating that Farrior's physical condition which prevented him from performing his job in 1976 had improved. Furthermore, the presiding official properly relied upon Farrior's current receipt of disability retirement, and his eligibility for continued OWCP payments as evidence of his lack of recovery. We are unpersuaded on this record that the agency was obligated to give Farrior a medical examination to determine his physical condition. For the same reasons, Farrior's claim that he is entitled to restoration to limited duty as a partially recovered employee must fail.
 
 
 4
 Having considered all of Farrior's arguments, we must affirm the MSPB's decision as he has failed to show that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation