829 F.2d 42
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald L. QUARLES, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 Appeal No. 87-3246
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1987.
 
 Before SMITH, NIES and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Ronald L. Quarles seeks review of the final decision of the Merit Systems Protection Board, Docket No. SL07528610443, sustaining the Department of the Army's decision to remove him from his position of File Clerk for willfully and wrongfully attempting to destroy official medical records entrusted to him. We affirm.
 
 OPINION
 
 2
 Substantial evidence supports the board's finding that Quarles was responsible for discarding 157 official medical records into the trash. An eyewitness testified that, while working with Quarles, she observed him discarding 'a lot' of medical forms into the treash 'every day' during the week she worked with him and that Quarles instructed her to do the same. Another witness testified that she discovered large quantities of medical forms that should have been in patients' records in the trash can in Quarles' work area. Major Sutton, M.D., testified he also saw the discarded records in the trash and retrieved them. The board's finding is further bolstered by evidence of Quarles' prior history of discarding medical records. That other personnel may have had access to the records does not overcome the sufficiency of the evidence supporting the charge against Quarles.
 
 
 3
 Quarles' arguments regarding the reliability of the testimony consist of little more than disagreement with the presiding official's credibility determinations and provide no basis on which to reject those determinations. Credibility determinations are particularly the province of the presiding official who heard the testimony and observed the demeanor of the witnesses. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985).
 
 
 4
 Quarles further alleges the agency erred in using Army Regulation 690-700 as justification for his removal. We perceive no error in the Army's reliance upon that regulation for guidance in determining the appropriate penalty for Quarles' misconduct. This court will not disturb the agency's choice of penalty unless its severity appears totally unwarranted in light of the relevant factors. DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed. Cir. 1984), cert. denied, 470 U.S. 1054 (1985). Having considered the record evidence as a whole, we are not convinced that removal was unwarranted in this case.
 
 
 5
 In sum, having considered all of Quarles' arguments, we must affirm the MSPB's decision as he has failed to show that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).