829 F.2d 42
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edgar L. WRIGHT, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 Appeal No. 87-3187
 United States Court of Appeals, Federal Circuit.
 Aug. 13, 1987.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and SMITH, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. AT07528610607, sustaining Department of the Army's (agency's) removal of Edgar L. Wright for excessive absence without approved leave, is affirmed.
 
 OPINION
 
 2
 Assuming the administrative judge erred in refusing to consider Wright's closing argument, Wright has not shown how that error substantially prejudiced his rights by possibly affecting the board's decision. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Smith v. United States Postal Service, 789 F.2d 1540, 1545-46 (Fed. Cir. 1986). Assuming the evidence Wright submitted with his closing argument showed that the agency failed to comply with Army Regulation 690-300 in effecting his reemployment, Wright has shown no connection between that failure and his own behavior. Substantial evidence supports the board's finding that Wright was on notice of his permanent change in station to Fort McPherson and that he knowingly reported there for in-processing on January 6, 1986. The board rejected as not credible Wright's assertions to the contrary, and we have no reason for overturning that credibility determination. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).
 
 
 3
 The record does not support Wright's assertion that the board improperly placed the burden of proof on him. Substantial evidence supports the board's determination that the agency proved its charges against Wright by a preponderance of the evidence.
 
 
 4
 We affirm the board's decision because we do not find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).