831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas MEREDITH, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3320
 United States Court of Appeals, Federal Circuit.
 September 11, 1987.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Thomas Meredith appeals from the final decision of the Merit Systems Protection Board, Docket No. PH07528610481, affirming the decision of the United States Postal Service to remove Meredith from his position as a part-time flexible city carrier. The agency based removal on a charge of off-duty sexual misconduct toward a woman on his route, absence without authorized leave, a conviction for assault and battery against a resident on Meredith's route, and convictions on charges of aiding and abetting prostitution and failing to appear to the prostitution charge. We affirm.
 
 OPINION
 
 2
 The Administrative Judge (AJ) held, following a hearing, that the agency had met its burden of proof on all but the AWOL charge. Although the proven misconduct occurred while Meredith was off-duty, the AJ also held that the agency met its burden of proving a connection or nexus between the misconduct and the efficiency of the service. Further, upon reviewing the relevant factors set forth in Douglas v. Veterans Admin., 5 MSPB 313 (1981), the AJ held that the agency's decision to remove Meredith was reasonable.
 
 
 3
 Substantial evidence, including copies of the court dispositions of the criminal cases, supports the MSPB's factual findings. Meredith argues that the MSPB improperly believed adverse testimony. That argument consists, however, merely of a disagreement with the AJ's credibility determinations. Such determinations are strictly within the province of the AJ who heard the conflicting testimony and observed the demeanor of the witnesses, Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985); therefore, it cannot provide a basis upon which to reject those determinations. Id.
 
 
 4
 With respect to the 'harshness' of the removal penalty, the appropriateness of a penalty is a matter committed primarily to the agency's discretion. Schapansky v. Department of Transp., FAA, 735 F.2d 477, 484 (Fed. Cir.), cert. denied, 469 U.S. 1018 (1984). This court will overturn the agency's choice of penalty only if it is so unreasonable that it amounts to an abuse of discretion. Id. We do not find such unreasonableness in this instance.
 
 
 5
 Having considered all of Meredith's arguments, we affirm the decision of the MSPB.