837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rudolph ADAMS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3453.
 United States Court of Appeals, Federal Circuit.
 Dec. 7, 1987.
 
 Before EDWARD S. SMITH, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. AT07528610663, upholding the demotion of Rudolph Adams (Adams) by the United States Postal Service (agency), is affirmed.
 
 OPINION
 
 2
 Adams argues that the board erred in finding that he knew of the charges of harassment made by Vera Knowles (Knowles). The agency submitted evidence showing that Adams received a copy of the decision concerning the harassment in February 1986. The administrative judge (AJ) considered this evidence, as well as the testimony of Willis Weems (Weems) concerning the incident and the credibility of Weems and Adams, in sustaining the charge that Adams had improperly told Weems to retest Knowles. Credibility determinations are largely unreviewable by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). The testimony of Weems and the documentary evidence constitute substantial evidence supporting this charge.
 
 
 3
 The second charge of delay in authorizing medical treatment was also sustained by the AJ. Adams contends that the person who brought this charge lied about it. Those determinations are within the discretion of the presiding official who heard the testimony and observed the demeanor of the witnesses. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Therefore, we must affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).