864 F.2d 148
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph J. SHANNON, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3293.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1988.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Joseph J. Shannon seeks review of the final decision of the Merit Systems Protection Board, Docket No. AT07528710635, sustaining the United States Postal Service's decision to remove him from his position as City Carrier for insubordination and a fraudulent leave request. We affirm.
 
 OPINION
 
 2
 Mr. Shannon alleges error by the board in its purported use of the April 24 AWOL charge to sustain his removal. We would simply point out, as the government has in its Informal Brief, that the board found the Postal Service did not meet its burden of proving that Mr. Shannon was AWOL on April 24, 1987. Therefore, the board did not use that charge to sustain his removal.
 
 
 3
 Mr. Shannon also argues that because his "insubordination was sustained by entrapment," mitigating factors are present regarding the use of the insubordination charge as a basis for sustaining his removal. Again, contrary to Mr. Shannon's belief, the Administrative Judge (AJ) considered mitigating factors surrounding the circumstances by which Mr. Shannon's insubordinate conduct occurred. Notwithstanding that, the AJ determined that Mr. Shannon's conduct in dealing with the situation was inappropriate and amounted to an act of disobedience. Petitioner has not shown that the board's finding of insubordination is unsupported by substantial evidence or that the AJ's use of the insubordination charge as a basis for his removal was arbitrary, capricious, or an abuse of discretion. See 5 U.S.C. Sec. 7703(c) (1982).
 
 
 4
 With regard to the agency's charge that he fraudulently requested sick leave, Mr. Shannon alleges, that charge was sustained only by "opinions, with no facts to support it." Determining the credibility of witnesses and the weight to be given their testimony are matters for the trier of fact to resolve. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); Gyromat v. Champion Spark Plug Co., 735 F.2d 549, 552 (Fed.Cir.1984). After hearing testimony from petitioner, petitioner's daughter, petitioner's supervisor, and Mr. Barfield, a fellow employee, the AJ found Mr. Barfield's testimony was the most persuasive because, inter alia, it was consistent and Mr. Barfield was on good terms with petitioner. In addition, the AJ adequately explained the reasons that the other witnesses were not credible. The record provides no basis to justify overturning any of the AJ's credibility determinations.
 
 
 5
 Having considered all of Mr. Shannon's arguments, we must affirm the board's decision as he has failed to show any legal ground for reversal under 5 U.S.C. Sec. 7703(c). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).