873 F.2d 1452
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Randolph L. MYE, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 88-3466.
 United States Court of Appeals, Federal Circuit.
 April 28, 1989.
Rehearing Denied May 25, 1989.
Suggestion for Rehearing In Banc Declined June 7, 1989.
 
 Before MARKEY, Chief Judge, and NIES and MICHEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Randolph L. Mye appeals the decision of the Merit Systems Protection Board (board), Docket No. DC04328810173 (August 22, 1988), making final the Administrative Judge's (AJ's) initial decision to uphold the Department of Commerce's (agency's) demotion of Mye from International Economist, GS-110-14, to International Economist, GS-110-12, on the basis of deficient performance of the critical job element, Trade and Investment Policy and Strategic Planning. We affirm.
 
 OPINION
 
 2
 The board's decision in such a case must be sustained unless it is determined to be:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c) (1982). Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 7
 Mye argues that the agency's written performance standards applicable to his position on their face violate 5 U.S.C. Sec. 4302a (Supp. V 1987) because they are impermissibly subjective, vague, and general. However, this court has held that a general standard is not per se invalid because it allows for "some subjective judgment on the part of ... evaluators." See Wilson v. Department of Health and Human Services; Jackson v. Environmental Protection Agency, 770 F.2d 1048, 1055 (Fed.Cir.1985) (two cases consolidated because the dispositive issue in each case concerned the subjectivity of performance standards). Here, as in Jackson, the written performance standard is lawful because it does reasonably inform the employee of what it requires. Id.
 
 
 8
 Moreover, in this case as in Jackson, the agency gave additional content and meaning to the pre-printed performance standards by: (1) giving Mye at the beginning of his performance improvement period an elaborate write-up of the deficiencies in his prior work and what Mye had to do to bring his performance up to a "reasonable level of competence expected of an employee in the type and grade of position" that he occupied, App. 000004; (2) his superior's holding a series of at least ten weekly conferences with him concerning the status and continued deficiencies of his work; and (3) his evaluators' writing constructive criticism and instructions in the margins or in responsive memos relating to his seven works. Taken together, these three actions by the agency provided sufficient specification and substance to Critical Element I, i.e., Trade and Investment Policy and Strategic Planning, for Mye's job to advise him adequately of what he had to do to avoid demotion due to unacceptable performance. We conclude, therefore, that the standards themselves do not violate law, that as supplemented, they gave Mye adequate notice, and that the board's decision upholding the agency's application of the performance standards to petitioner was not an abuse of discretion.
 
 
 9
 Mye also argues that there was not substantial evidence to support the AJ's decision that Mye's performance was deficient under Critical Element I. However, Mye's three supervisors testified that his work was deficient and why. Because Mye's rebuttal witnesses evaluated Mye's final work product which included the organizational changes requested by his superiors, the AJ found the witnesses' affidavit testimony concerning the clarity of Mye's organization insufficient to overcome the agency's evidence. In addition, although one of Mye's witnesses testified as to the quality of Mye's policy recommendations, the AJ discounted this testimony because the witness had no background in the policy area. The weight to attach to various witnesses' testimony is within the discretion of the AJ. See Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Her discounting the experts' testimony under these circumstances was well within her discretion. Moreover, our review of the record indicates that in evaluating each of the seven allegedly deficient papers, the AJ did not abuse her discretion and that her factual findings were supported by substantial evidence.
 
 
 10
 We have carefully reviewed Mye's other arguments and determine that they are without merit. Accordingly, the decision is affirmed.
 
 
 11
 NIES, Circuit Judge, concurring.
 
 
 12
 The panel here has upheld the adverse action only because the standards were supplemented by written, detailed specifications of how Mr. Mye could improve his work.
 
 
 13
 Recognizing that a full transition to Chapter 43 procedures would take time, this court has been tolerant of standards which, standing by themselves, are confusing where an employee was actually informed of what was required to keep his/her job. As we have said, however, by upholding a standard in a particular case, the court does not give its imprimatur to the standard for all time. See Eibel v. Department of the Navy, 857 F.2d 1439 (Fed.Cir.1988).
 
 
 14
 Chapter 43 has been in effect long enough for agencies to have acquired a substantial measure of expertise in proper standards writing. In my view, adverse actions based on standards, like those applied to Mr. Mye, are increasingly at risk of being set aside. Indeed, the standards before us in themselves are about on a par with some which have been found inadequate where there was no other guidance. It is the obligation of the Department to redraft such poor standards even though the adverse action is not overturned here.