950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kevin J. NUTT, Petitioner,
v.
DEPARTMENT OF THE INTERIOR, Respondent.
 No. 91-3408.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1991.
 
 Before PAULINE NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Kevin J. Nutt appeals from the April 15, 1991 decision of the Merit Systems Protection Board (the "Board"), as corrected on April 24, 1991 (Docket No. DE531D9110197), dismissing his appeal in view of a settlement agreement entered into on April 12, 1991. We affirm.
 
 OPINION
 
 2
 In the fall of 1990 Mr. Nutt received a less than satisfactory performance evaluation from the Office of Surface Mining, Reclamation, and Enforcement (the "agency") where he was employed as a Federal Programs Clerk. Mr. Nutt was given ninety days in which to improve his performance. However, the agency was still dissatisfied with Mr. Nutt's performance, and denied him a within grade increase ("WGI"), to which the agency adhered on reconsideration. Mr. Nutt appealed to the Board. At about the same time as these events, the agency initiated a removal action against Mr. Nutt.
 
 
 3
 In an Order dated March 1, 1991, the Administrative Judge ("AJ") acknowledged receipt of Mr. Nutt's appeal, and ordered the agency to contact Mr. Nutt within 35 days to "define the issues, agree to stipulations, and discuss the possibility of settlement." Mr. Nutt was represented by a union representative. Following two pre-hearing telephone conferences with the AJ, on April 12 a two-page settlement agreement was signed by Mr. Nutt and the agency representative. This agreement provided, inter alia, that Mr. Nutt's performance rating be raised to a satisfactory level, that records of reprimand and suspension be expunged from his personnel folder, and that Mr. Nutt receive his WGI retroactive to the date on which he would have received it had his performance originally been rated satisfactory. The agreement also provided that Mr. Nutt voluntarily resign from the agency effective no later than April 12, and withdraw all other pending appeals, grievances, EEO Complaints and Freedom of Information Act (FOIA) requests relating to his employment with the agency.
 
 
 4
 In his decision, the AJ stated that he had reviewed the settlement agreement and discussed the matter with the parties. The AJ found the agreement lawful and to have been freely entered into by the parties, and held the agreement to be dispositive of both the WGI and the removal matters. The AJ thereby dismissed the appeal.
 
 
 5
 Mr. Nutt states that he was coerced into entering the settlement agreement, in that if he had not signed the agreement, he would have been removed by the agency effective April 15. Mr. Nutt also states that the scope of the settlement agreement exceeds that of his appeal (of denial of the WGI), since the agreement requires dismissal of his EEO complaint and FOIA request.
 
 
 6
 Mr. Nutt points to no evidence showing or tending to show that the settlement agreement was entered into as a result of coercion or other wrongful conduct by the agency. The evidence in the record is to the contrary. The agreement, which bears Mr. Nutt's signature, states that it was entered into "freely and without coercion." Mr. Nutt was represented by a union representative, and the Administrative Judge discussed the agreement with Mr. Nutt to ascertain whether he was fully informed of its terms and had freely agreed to those terms. The fact that a removal action was pending at the time does not make Mr. Nutt's agreement involuntary, see Griessenauer v. Department of Energy, 754 F.2d 361 (Fed.Cir.1985); rather, some evidence of fraud or duress by the agency is required to successfully attack the settlement agreement. See Asberry v. United States Postal Service. 692 F.2d 1378, 1380-81 (Fed.Cir.1982). That the settlement agreement disposed of all matters pending between Mr. Nutt and the agency, as well as the matter of the WGI, does not invalidate the agreement.
 
 
 7
 The Board's decision is supported by substantial evidence, and must be affirmed. 5 U.S.C. § 7703(c).