960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Heather BINGHAM, an infant, By and Through her parent and
guardian, Gail BINGHAM, Petitioner-Appellant,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN RESOURCES,
Respondent-Appellee.
 No. 91-5128.
 United States Court of Appeals, Federal Circuit.
 March 25, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Gail Bingham appeals from the June 13, 1991, decision of the United States Claims Court (Yock, J.), sustaining the February 12, 1991, decision of the Special Master that the petitioner was not entitled to compensation under the National Vaccine Injury Compensation Program.[1] We affirm.
 
 DISCUSSION
 I.
 
 2
 In a well-reasoned decision, the Special Master found, inter alia, that the petitioner failed to demonstrate the occurrence of an encephalopathy or regional seizure disorder within three days after the administration of a diphtheria-pertussis-tetanus (DPT) vaccine. See 42 U.S.C. § 300aa-14. In determining that the petitioner did not discharge her burden of proof, the Special Master found that the fact witness testimony presented was inconsistent with contemporaneous medical records and not credible. The Special Master also rejected the testimony of petitioner's expert witnesses.
 
 
 3
 After a thorough review of the record, the Claims Court issued a comprehensive decision in which it found that the Special Master had a rational basis for discounting the statements of the fact witnesses. In addition, the court found that the expert opinion testimony proffered by the petitioner was based largely on the incredible testimony of the fact witnesses and therefore was properly discredited by the Special Master.
 
 II.
 
 4
 Under the standard set forth in Hines v. Secretary of the Dep't of Health & Human Servs., 940 F.2d 1518, 1524 (Fed.Cir.1991), we review de novo the determination of the Claims Court that the Special Master's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.
 
 III.
 
 5
 The Special Master was unconvinced by the testimony presented during the hearing and concluded that the petitioner failed to discharge her burden of proof. As the finder of fact, the Special Master observes firsthand the testimony and demeanor of witnesses and is therefore best suited to determine their credibility. Consequently, this court has consistently held that credibility determinations are "virtually unreviewable." See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). In addition, we recognize that "[e]ven uncontradicted opinion testimony is not conclusive if it is intrinsically unpersuasive." Sternberger v. United States, 401 F.2d 1012, 1016-17 (Ct.Cl.1968). Petitioner provides no convincing reason, nor are we aware of any ground, to justify the reversal of the Special Master's credibility determinations. Brewer v. United States, 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982). Nor has petitioner shown that the Special Master's evaluation of the expert testimony was unreasonable. See Tecon Corp. v. United States, 411 F.2d 1271, 1280 (Ct.Cl.1969).
 
 
 6
 This court cannot substitute its judgment for that of the Special Master. Rather, our review in this case is limited to whether the decision of the Special Master has a rational basis in the record. Since there is no evidence in the record to permit a finding that the Special Master's decision was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm the decision of the Claims Court.
 
 
 
 [1]
 The program was established by the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1 et seq. (1988 and Supp. I 1989)