5 F.3d 1503
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Tyrone A. HATCHETT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3149.
 United States Court of Appeals, Federal Circuit.
 July 15, 1993.
 
 Before ARCHER, MAYER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tyrone A. Hatchett (petitioner) seeks review of the November 4, 1992 decision of the Administrative Judge (AJ) in Merit Systems Protection Board (Board) Docket No. CH0752920568I-1. The AJ's decision became the final decision of the Board on December 9, 1992. The AJ upheld the United States Postal Service's removal of petitioner based upon five charges which the AJ found to be proved. We affirm.
 
 DECISION
 
 2
 Petitioner was employed as a Mail Handler for the Postal Service in Cleveland, Ohio. The agency removed him, effective June 27, 1992, based upon charges that he was away from his assigned work area without authorization, that he failed to follow supervisory instructions, that he was discourteous and disrespectful to supervisors, that he threatened his supervisor, and that he failed to maintain a regular work schedule.
 
 
 3
 The AJ concluded that the agency proved the first four of these charges after he found the following facts: On May 2, 1992, petitioner took both a 4:00 PM break and a 5:00 PM break. When petitioner had not returned to his work station by 5:20 PM, his supervisors, Jeff White and Farris White, went looking for him. They found him talking on the telephone in a break area. His direct supervisor, Farris White, ordered him to return to work. Petitioner continued to talk on the telephone, however, until his second level supervisor, Jeff White, ordered him to return to the work area. Thereafter, petitioner used foul and threatening language to his supervisors and had to be escorted from the area by security personnel.
 
 
 4
 The AJ found the last agency charge, failure to maintain a regular work schedule, was proved by uncontradicted evidence that petitioner had fifteen approved but unscheduled absences in the twelve months between June, 1991, and May, 1992.
 
 
 5
 This Court's standard of review of Board decisions is narrowly defined by statute. We must affirm a decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Petitioner challenges the AJ's findings of fact. Specifically, he asserts that he was on a scheduled break, that he was provoked by the rude interruption of his urgent telephone conversation, and that he did not disobey or threaten Farris White, who, he asserts, in fact threatened him by drawing a knife. Petitioner also claims that the AJ failed to consider his version of events, particularly testimony that Farris White had brought a knife to work on previous occasions. In essence, petitioner challenges the AJ's determination that much of petitioner's story was not credible and that the two supervisors' version of events was the truth.
 
 
 6
 An AJ's credibility determinations are virtually unreviewable. Hambsch v. Dep't. of Treasury, 796 F.2d 430 (Fed.Cir.1986). The AJ's determination is the result of hearing the testimony of witnesses and observing their demeanor in person, something we cannot do on appellate review of a cold record. See Griessenauer v. Dep't. of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Accordingly, the question is whether there is substantial evidence to support the findings of the AJ. Here, the two supervisors corroborated one another's testimony concerning petitioner's inappropriate language and menacing behavior, as well as their testimony that Farris White did not have a knife on him. Moreover, petitioner admitted that he took two breaks rather than one, that he was also absent from the work area during most of the time between four and five, and that he used four language to his supervisors. In addition, he does not contest the evidence of his many unscheduled absences. Plainly, the AJ's decision is supported by substantial evidence.
 
 
 7
 Finally, it is not clear from his brief whether petitioner is challenging the determination of the AJ that the penalty of removal was reasonable. Assuming he is, the contention is without merit. In removing petitioner, the agency did not abuse its discretion. Gonzales v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed.Cir.1985).