19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rozell F. HUNT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3564.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1994.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner appeals from an initial decision of the Merit Systems Protection Board (MSPB), dated July 16, 1993, in Docket No. DA-0831-93-0319-I-1. The MSPB affirmed the decision of the Office of Personnel Management (OPM), which disallowed petitioner's application for an annuity under the Civil Service Retirement System. Because neither party filed a petition for review with the Board, the initial decision became final on August 20, 1993. We affirm the decision of the MSPB.
 
 DISCUSSION
 
 2
 After 25 years service as a clerk with the United States Postal Service, Ms. Hunt resigned effective September 2, 1988, for reasons which were stated in the Notification of Personnel Action as "resigned--in lieu of removal." On September 14, 1988, she submitted her application for the refund of her retirement deductions. On October 25, 1988, the Postal Service completed a Request For Recovery Of Debt Due The United States, which was submitted to OPM on November 10, 1988. On November 21, 1988, OPM authorized a refund payment of $21,210.44, less the Postal Service claim of $8,648.20, leaving a balance of $12,562.24, which was paid to Ms. Hunt.
 
 
 3
 On September 21, 1992, some four years later, Ms. Hunt requested that OPM waive or defer the redeposit requirement of the Civil Service Retirement Act and favorably consider her claim for an immediate retirement annuity. In a formal application dated October 19, 1992, she applied for an immediate retirement under the Civil Service Retirement Act. On January 28, 1993, OPM notified her that she was ineligible for an annuity, because she had received a refund of all her contributions to the retirement fund. Her request for reconsideration was denied by the OPM in a decision of March 11, 1993, on the ground that because petitioner was not currently employed and had received a refund of her retirement directions, she was not entitled to an annuity nor eligible to make a redeposit into the fund.
 
 
 4
 * Petitioner has failed to establish that the MSPB erred as a matter of law in affirming the OPM's denial of her application for a right to redeposit her retirement deductions and to receive an immediate annuity under the Civil Service Retirement Act. It is undisputed that she received a refund of her retirement deductions and that she was not an employee of the Federal Government at the time she filed her application for a retirement annuity.
 
 
 5
 Petitioner's principal contention is that at the time of her resignation, the Postal Service incorrectly informed her that the only options available to her were a refund of her contributions or a deferred annuity at age 62, whereas she should have been informed that under the provisions of 5 U.S.C. Sec. 8336(d), she was then entitled to an immediate annuity for discontinued service because she had completed 25 years of service.
 
 II
 
 6
 In her brief, petitioner has correctly stated that in its decisions of January 28, 1993, and March 11, 1993, the OPM made no reference to the 1990 amendments to 5 U.S.C. Secs. 8342(a) and 8334(d), which were effected by Pub.L. No. 101-508, Sec. 7001. These amendments are now codified in 5 U.S.C.A. Secs. 8342(a) and 8334(d) (Supp.1993).
 
 
 7
 Petitioner argues that the OPM ignored the 1990 amendments and that she is entitled to a discontinued service annuity as a result of the following provisions of 5 U.S.C. Sec. 8334(d) as amended in 1990 and that the facts show that her case clearly falls within the terms of subsection (d)(2)(A).
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (d)(1) Each employee or Member who has received a refund of retirement deductions under this or any other retirement system established for employees of the Government covering service for which he may be allowed credit under this subchapter may deposit the amount received, with interest. Credit may not be allowed for the service covered by the refund until the deposit is made.
 
 
 11
 (2)(A) This paragraph applies with respect to any employee or Member who--
 
 
 12
 (i) separates before October 1, 1990, and receives (or elects, in accordance with applicable provisions of this subchapter, to receive) a refund (described in paragraph (1)) which relates to a period of service ending before October 1, 1990;
 
 
 13
 (ii) is entitled to an annuity under this subchapter (other than a disability annuity) which is based on service of such employee or Member, and which commences on or after December 2, 1990; and
 
 
 14
 (iii) does not make the deposit (described in paragraph (1)) required in order to receive credit for the period of service with respect to which the refund relates.
 
 
 15
 However, she was required by subsection (d)(2)(A)(ii) to show that she was entitled to annuity under 5 U.S.C. Sec. 8336, when she filed her applications with the OPM. She expressly disclaimed any right to a Sec. 8338(a) deferred retirement annuity beginning at age 62, and rested her case solely on her claim under 5 U.S.C. Sec. 8336, the discontinued service annuity provision.
 
 
 16
 The MSPB correctly held that in order for petitioner to receive an immediate annuity under 5 U.S.C. Sec. 8336(d), she was required to show that she was involuntarily terminated. Petitioner contends that the administrative judge did not advise her of the need to prove that her resignation was involuntary and that the administrative judge's memorandum of the prehearing conference stated that the only issue in dispute was whether the petitioner was entitled to the annuity benefits she claimed. Petitioner asserts that the memorandum "misled me not to address this issue in the hearing." However, the following quotation from the initial decision reflects that petitioner did testify on this issue:
 
 
 17
 During her testimony at the hearing, the appellant related that she was in a leave without pay status for several months prior to her resignation. She asserted that her termination was involuntary because she was not working and was not being paid. She also contended that the fact that she resigned in lieu of removal shows that her termination was involuntary.
 
 
 18
 The administrative judge's finding that petitioner resigned in lieu of removal is supported by substantial evidence. This court and the Court of Claims have repeatedly upheld the voluntariness of resignations when they are submitted to avoid a threatened termination for cause. See Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); Christie v. United States, 518 F.2d 584, 588 (Ct.Cl.1975).
 
 III
 
 19
 Finally, we do not agree with petitioner's contention that the MSPB decision should be reversed, because petitioner was entitled to an annuity based on equitable principles. The administrative judge correctly held that because petitioner was ineligible for the annuity she claimed, she was not entitled to an annuity based on equitable grounds. As the MSPB stated in Sanchez v. OPM, 47 M.S.P.R. 343, 347 (1991), "a statutorily imposed requirement for eligibility is substantive rather than procedural and allows for no exercise of discretion on the part of OPM." See also Montilla v. United States, 457 F.2d 978, 987 (Ct.Cl.1972).
 
 
 20
 Petitioner has pleaded her case earnestly and eloquently. Because she appears pro se, we call her attention to 5 U.S.C. Sec. 7703(c) (1988), which limits this court's scope of the review of the decisions of the MSPB. Its decision in this case is affirmed, because she has failed to establish that it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with the law, or established rules or regulations.