846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark Andrew KEROD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3457.
 United States Court of Appeals, Federal Circuit.
 March 28, 1988.
 
 Before MARKEY, Chief Judge, FRIEDMAN and DAVIS, Circuit Judges.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), MSPB Docket No. SF07528610883, removing petitioner from his position with respondent, are affirmed.
 
 OPINION
 
 2
 Petitioner Kerod was employed as a mailhandler in one of the Postal Service's Santa Barbara facilities. On July 9, 1986, he was present, though off-duty, on the workroom floor. He received permission to use a handstamp to cancel some personal mail. After he did so, he was charged with falsifying an official postmark in that, on July 9th, he hand cancelled three letters to the California State Lottery Commission for the "Second Chance Drawing" with a handstamp dated July 7, 1986.[1] The agency sustained the charge and removed Kerod. On appeal to the MSPB, the administrative judge upheld the charge and penalty, and the full Board declined review. This appeal followed.
 
 
 3
 Petitioner's assertion is that the administrative judge's crucial findings were not supported by substantial evidence. The prime finding attacked is that the last day for filing the "Second Chance Drawing" with the Lottery Commission was July 7th when in fact it was July 8th--and there was therefore no reason for Kerod to change the handstamp to July 7th or to use a handstamp with that date. We do not agree, however, that this error in date infected the MSPB's whole analysis of the evidence. July 7th was, of course, also timely for the filing (though July 9th was not) and there was testimony (i.e., substantial evidence) both that the postal facility had been notified that July 7th was the last day and that this fact was generally known by the employees; the witness testified that he had heard it discussed on the workroom floor. Moreover, the administrative judge expressly found incredible petitioner's testimony that he was unaware of the lottery's entry deadline date and accordingly used the July 7th handstamp without knowing it did not reflect the date he was mailing the letters (July 9th). This explicit finding of incredibility must be accepted (Griessenauer v. Dept. of Energy, 754 F.2d 361, 364 (Fed.Cir.1985)), and it goes very far to prove petitioner's purpose in using the July 7th date for the handstamp. Finally, the lack of direct evidence that Kerod changed a July 9th handstamp to July 7th does not destroy the substantial evidence supporting the Board determinations. As a whole, that circumstantial evidence fitted in closely with the MSPB's conclusions and was persuasive. See Schapansky v. Department of Transportation, F.A.A., 735 F.2d 477, 483 (Fed.Cir.), cert. denied, 469 U.S. 1018 (1984).
 
 
 
 [1]
 The agency then reasonably believed that July 7th was the last date which would allow petitioner to recapture his eligibility for the lottery drawing. See infra