887 F.2d 1095
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Walter LOWE, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 89-3160.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Walter Lowe (Lowe) appeals from a decision of the Merit Systems Protection Board (board), No. DEO7528810240, affirming his removal. We affirm.
 
 OPINION
 
 2
 Lowe has not shown reversible error in the board's: (1) consideration of the evidence regarding Lowe's threats and use of offensive language toward his supervisor, failure to properly request leave, and unauthorized absence, see Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); (2) rejecting Lowe's reprisal defense for failing to show retaliation or nexus, see Warren v. Department of the Army, 804 F.2d 654, 656 (Fed.Cir.1986); (3) determination that removal was reasonable in view of the seriousness of the offense, see Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305 (1981). See 5 U.S.C. Sec. 7703(c) (1982).
 
 
 3
 PAULINE NEWMAN, Circuit Judge, dissenting.
 
 
 4
 I respectfully dissent. There was not substantial evidence of wrongdoing sufficient to support the penalty of removal.
 
 
 5
 The matter of the changed shift schedule was disputed, and the conclusion that Mr. Lowe somehow was deliberately AWOL is inherently not credible. The disputed issue of whether Mr. Lowe should have returned to work after he was authorized to go home for personal reasons, is also an inadequate basis for removal. There remains the contested incident of threatening and foul language, in an argument with the person whose practices had been a subject of Lowe's whistle-blowing. No disciplinary action was taken until a month later, and the agency does not dispute that no action was taken to safeguard Mr. Brooks, who apparently continued to work on the night shift with Lowe.
 
 
 6
 It appears undisputed that Mr. Lowe's whistle-blowing had resulted in prior investigations and the recovery of sums of money, and that Brooks and the employer of Harmes were involved. Brooks and Harmes were the only witnesses to the asserted threat. Evidence on the issue of retaliatory purpose must be given "careful scrutiny". Warren v. Department of the Army, 804 F.2d 654, 658 (Fed.Cir.1986). The exclusion of evidence proffered to show the fourth element of the asserted reprisal, id. (the four elements being that a protected disclosure was made, that the accused person knew of the disclosure, that the adverse action could have been retaliation, and a genuine nexus) was of itself reversible error.
 
 
 7
 It seems to me that this matter requires investigation by the Special Counsel. And in any event, the case requiring Lowe's removal for the efficiency of the service had not been made on substantial evidence before the administrative judge.