889 F.2d 1101
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David L. JEFFERSON, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 89-3207.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1989.
 
 Before FRIEDMAN, RICH and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board) in docket No. AT07528810593, affirming the Air Force's removal of the petitioner, is affirmed.
 
 OPINION
 
 2
 The Air Force removed the petitioner for assaulting his supervisor, Hill, at the warehouse where both worked. It is undisputed that the two men had a serious altercation. The only dispute is whether the aggressor was the petitioner, as the Board found, or Hill, as the petitioner contends.
 
 
 3
 After a hearing at which both the petitioner and Hill as well as other employees who saw various aspects of the altercation testified, the administrative judge credited Hill's version of what happened and rejected the petitioner's version. The administrative judge found that the petitioner's "denial of any violent conduct in the altercation with Hill is overwhelmingly and persuasively contradicted by a number of witnesses who are not shown to have been biased" and that "[b]ecause the [petitioner's] denial of some of the conduct attributed to him is clearly refuted by the observations of unbiased witnesses, the appellant's testimony, with respect to his denial of the other act or acts attributed to him is untrustworthy." The administrative judge concluded:
 
 
 4
 Based on the fact that the appellant's testimony has been shown, in significant part, to be untrustworthy; the fact that contusions of Hill's face and neck are not otherwise explained except by a blow or blows by the appellant which were inflicted upon Hill prior to any outside observation by others; and the fact that Hill's attempt to call a Security Policeman is not consistent with the act of an aggressor, I find that the more credible evidence supports a conclusion that the appellant initiated the altercation by assaulting Hill.
 
 
 5
 In his brief in this court the petitioner argues that his version of the facts is more believable than the government's version. He urges us to overturn the administrative judge's credibility determinations and to hold that Hill and not the petitioner was the aggressor.
 
 
 6
 Credibility determinations by the administrative judge, who saw and heard the witnesses testify, lie largely within the discretion of the administrative judge. They are subject to reversal by this court only in exceptional circumstances. DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985).
 
 
 7
 The administrative judge wrote a careful and detailed opinion that fully described and evaluated the conflicting evidence and explained his reasons for accepting the government's version of what happened. We have no reason to overturn those rulings. We therefore affirm the decision of the Board on the basis of the opinion of the administrative judge, which became the opinion of the Board when the Board declined to review it.