891 F.2d 298
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William D. ALLEN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent,
and
Department of the Treasury, Intervenor.
Christine G. ALLEN, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 89-3144.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1989.
Rehearing Denied Dec. 1, 1989.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge,* and MICHEL, Circuit Judge.
 FRIEDMAN, Senior Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (Board) in docket Nos. SE08318810288 and SF07528710422 that (1) affirmed the denial by the Office of Personnel Management (OPM) of the appellant William Allen's application for a survivor annuity, and (2) dismissed the appellant Christine Allen's appeal as untimely, are affirmed.
 
 OPINION
 
 2
 Both of these cases grow out of the appellant Christine Allen's resignation from the Internal Revenue Service (IRS) four days before her death in an automobile accident. In each case the resignation is challenged as involuntary. Because most of the factual and legal issues in the cases are identical, and the cases are closely interrelated, we decide them in a single opinion.
 
 
 3
 * A. The Background Facts. William Allen, a career Marine, was scheduled to retire from the Marine Corps in the fall of 1985, after which he planned to attend law school in Oregon. His wife Christine Allen was a tax auditor with the IRS in California. After Christine Allen tried unsuccessfully to transfer to an IRS office in Oregon, in July 1985 she obtained a non-government position in that State.
 
 
 4
 Upon her return to California, on July 31, 1985 she submitted her resignation effective August 2, 1985. On August 6, 1985, she was killed in an automobile accident while traveling to Oregon.
 
 
 5
 B. William D. Allen v. Office of Personnel Management, No. 89-3144. Following Christine Allen's death, William Allen applied to OPM for survivor benefits. OPM denied benefits because at the time of her death Christine Allen was neither a federal employee nor a federal annuitant.
 
 
 6
 William Allen appealed OPM's denial of benefits to the Board. He contended that Christine Allen's resignation was involuntary because it was based on misinformation given her by IRS that all of her benefits, including survivor benefits, would continue for 31 days after her resignation.
 
 
 7
 After a hearing, the Board's administrative judge affirmed the denial of survivor benefits and the Board denied review. In a lengthy opinion that turned mainly upon credibility determinations, the administrative judge reviewed the evidence in detail and found that William Allen "has failed to establish that Christine would not have resigned on August 2, 1985, except for misinformation or deception on the part of OPM or the IRS with respect to a survivor annuity or accidental death benefits. A preponderance of the evidence shows that Christine's resignation was voluntary." Allen v. OPM, No. SE08318810288, slip op. at 15 (MSPB June 7, 1988).
 
 
 8
 C. Christine G. Allen v. Department of the Treasury, No. 88-3158. After OPM told William Allen that he was not eligible for a survivor annuity because Christine Allen was no longer a government employee at the time of her death, William Allen asked the IRS to rescind his wife's resignation as involuntary. He stated that the IRS had misrepresented to her that all her benefits, including a survivor's annuity, would continue for 31 days after her resignation. He further stated that she would not have resigned had she known that survivor annuity benefits would terminate upon her resignation. The IRS denied his request but did not notify him of his right to appeal to the Board.
 
 
 9
 William Allen filed an appeal to the Board from the IRS ruling on March 16, 1987, more than 18 months after Christine Allen's resignation. The administrative judge denied the appeal as untimely and the Board denied review. The administrative judge found that "Mr. Allen failed to exercise due diligence in the filing of the appeal" and had not shown good cause for waiving the 20-day time limit for appeal. Allen v. Treasury, No. SF07528710422, slip op. at 2 (MSPB May 26, 1987). The administrative judge pointed out that although William Allen in September 1986 was "aware that alleged involuntary resignations based on misinformation could be appealed to the Board," "[h]e did not file this appeal until March 16, 1987, five and one-half months later." Id. at 3.
 
 II
 
 10
 A. William Allen v. Office of Personnel Management. Although phrased in terms of the administrative judge's critical findings not being supported by substantial evidence, William Allen's challenge of the Board's decision that he had not established that Christine Allen's resignation was involuntary actually seeks a retrial of the case and an overturning of the administrative judge's credibility determinations. We decline to substitute our judgment for that of the administrative judge on factual issues.
 
 
 11
 Christine Allen's supervisor, Ms. Mathews, testified that in discussing her upcoming resignation, Christine Allen was concerned about maintaining her health benefits because of prior health problems; that Ms. Mathews checked with the personnel office and was told that Christine Allen's health and insurance benefits would continue for 31 days after resignation; and that she so informed Christine Allen. Ms. Mathews also testified that Christine Allen had not requested that she be placed on leave without pay instead of resigning when she stopped working; William Allen testified that Christine Allen told him that she had requested, but been denied, leave without pay.
 
 
 12
 The administrative judge found that Ms. Mathews was "a credible witness." Allen v. OPM, slip op. at 11. Such credibility determinations are subject to reversal by this court only in exceptional circumstances. DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). We have no reason to reject the administrative judge's credibility determinations in this case. The administrative judge wrote a careful and convincing opinion, concluding that Christine Allen's resignation was not involuntary. We affirm that decision on the basis of that opinion.
 
 
 13
 B. In the other case, Christine Allen, appearing through William Allen as her representative, argues that the Board erred in finding that she had not shown good cause for the untimely filing of her appeal. We need not decide that question, however. Even if her appeal to the Board were deemed timely, we agree with the government that she would be collaterally estopped from relitigating before the Board the voluntariness of her resignation.
 
 
 14
 The Board has authority to and does apply collateral estoppel. Thomas v. General Servs. Admin., 794 F.2d 661, 664 (Fed.Cir.1986). The doctrine "is normally applicable if (i) the issue previously adjudicated is identical with that now presented, (ii) that issue was 'actually litigated' in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." Id. Here, as in Thomas, "all these requirements are met." Id.
 
 
 15
 Christine Allen conceded that the voluntariness issue, and the evidence relating thereto, is the same in both cases. The issue was fully litigated in the case brought by William Allen, and we have affirmed the Board's decision in that case that the resignation was not involuntary. The Board was required to determine that issue in deciding William Allen's case. Finally, Christine Allen's position on the involuntariness issue was fully represented by William Allen in his case. Indeed, in her brief in her case, Christine Allen states that "William and Christine's Interests Coincide."
 
 
 16
 Thus, there is no reason to doubt that if the Board were to reach the merits of the voluntariness issue in Christine Allen's appeal, it would rule that she was collaterally estopped from relitigating that issue. Any possible Board error in refusing to waive the time limit for her appeal therefore was harmless.
 
 
 
 *
 Judge Friedman took senior status on November 1, 1989