915 F.2d 1583
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dennis T. McGUIRE, Petitioner,
v.
DEPARTMENT OF TREASURY, Respondent.
 No. 90-3120.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1990.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Dennis McGuire appeals the decision of the Merit Systems Protection Board, Docket No. DC07528910213 (June 21, 1989), sustaining his removal from the United States Secret Service, which became final upon denial of review by the full Board (Dec. 7, 1989). We affirm.
 
 OPINION
 
 2
 The Board's decision must be affirmed unless it is arbitrary, capricious, an abuse of discretion, obtained without proper procedures, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988).
 
 Self-Incrimination
 
 3
 McGuire argues his constitutional right against self-incrimination was violated because the Administrative Judge (AJ) drew an adverse inference regarding his credibility based on his assertion of the fifth amendment during a pre-hearing deposition. The fifth amendment, however, "does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them...." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).
 
 
 4
 In Baxter, the civil defendant elected to remain silent when faced with incriminating investigatory reports. Id. at 320 n. 4. It is undisputed that McGuire, in this civil proceeding, refused to testify about his drug use during his pre-hearing deposition, taken after he had seen the probative evidence offered against him by the agency. McGuire v. Department of Treasury, Docket No. DC07528910213, slip op. at 16-17 (June 21, 1989). Prior to the deposition, he knew of the agency's evidence against him, which was detailed in his Notice of Proposed Removal. The Notice described statements by other Secret Service employees regarding their personal observation of illegal drug use by McGuire on at least two occasions. Id. at 3-4. Thus, McGuire faced "incriminating investigatory reports" just as much as Baxter.
 
 
 5
 At the hearing McGuire denied knowledge of drug activity. The AJ noted that, "Appellant was ill-advised to invoke the Fifth Amendment on the basis of self-incrimination [at the deposition] when he had already responded to the questions by denying drug use. His total denial of any knowledge of drug activity leaves his testimony suspect." Id. at 17. Thus, the AJ based her credibility assessment of McGuire on the discrepancy among: McGuire's denial of drug use and knowledge of drug activities at his initial interview on June 22 and at the hearing (when he had no immunity from criminal prosecution); his denial of drug use on October 24 at his second interview (when he had immunity from prosecution); and his assertion of the fifth amendment privilege at the prehearing deposition (when he did not have immunity). Such an adverse inference was proper under Baxter, because McGuire's silence was in the face of "probative evidence" regarding his drug use, the evidence the agency used as a basis to remove him.
 
 
 6
 Moreover, this is not a case in which his refusal to waive the fifth amendment privilege led automatically, without more, to the loss of his job because the AJ based her decision to uphold McGuire's removal not only on his credibility but also her assessment of the credibility of agency witnesses.
 
 Credibility Determinations
 
 7
 McGuire vigorously argues that the AJ's credibility determinations were incorrect. He, however, presented no basis for us to hold the AJ abused her discretion in assessing witness credibility. See Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985) ("The determination of the credibility of the witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor.").
 
 Douglas Factors/Disparate Penalty
 
 8
 The AJ analyzed the appropriateness of removing McGuire and found the penalty of removal did not exceed the bounds of reasonableness "given the sensitivity and responsibility of [McGuire's] position." McGuire, slip op. at 21. McGuire argues the agency did not consider all relevant Douglas factors. However, this argument ignores the hearing transcript and the AJ's opinion, which both contain an explicit discussion of mitigation of the penalty and the relevant factors. See Respondent's Appendix, McGuire v. Department of Treasury, No. 90-3120, at 82-86 (Fed.Cir. filed June 18, 1990) (testimony of Deputy Director of the Secret Service, the deciding official, Stephen E. Garmon) [hereinafter Resp.App.]; McGuire, slip op. at 20-21. There is simply no basis for McGuire's argument that the relevant Douglas factors were not considered. They were considered, but on balance, did not result in mitigation of the penalty.
 
 
 9
 McGuire argues the penalty of removal for the two sustained offenses, off-duty illegal drug use and failing to provide complete and accurate responses to questions of authorized officials, is disparate to the penalty received by others similarly situated. Deputy Director Garmon explained that other employees disciplined for drug use either did not hold a position of high responsibility, unlike McGuire, or when confronted, unlike McGuire, were "totally forthcoming and totally honest. There had been no denial [of drug use]." Resp.App. at 85. McGuire did not demonstrate that similarly situated employees committed the same offenses as he did and that they received lesser penalties. His argument of disparate penalty fails.
 
 Due Process
 
 10
 McGuire alleges his fifth amendment right to due process was violated because the agency did not furnish documents required under the protective order, withheld witnesses from the hearing, and grossly sanitized FOIA documents.
 
 
 11
 The protective agreement and order permitted counsel for McGuire "to view the subject materials in the office of [the government's] counsel" and allowed copies to be made "of any portion of said materials which [McGuire's] counsel deems relevant to this appeal or which could lead to the discovery of admissible evidence." Id. at 28-29 (Protective Agreement and Order). McGuire concedes such a viewing of the materials occurred. He offered no evidence that his attorney was prevented from receiving copies of documents viewed, and thus there is simply no basis for his argument that the agency violated the terms of the protective order.
 
 
 12
 McGuire alleges that the agency withheld witnesses from the hearing, namely Mr. Robert Nelson and Ms. Christy Oliver. McGuire did not request the testimony of Mr. Nelson. Id. at 32. Nelson was subpoenaed as a government witness, but failed to appear. McGuire could have requested that Nelson be subpoenaed as his own witness, yet McGuire made no such request. As for Oliver, "according to [McGuire], he had neglected to request [Oliver] as a witness when he saw the agency had called her." McGuire, slip op. at 15. Though Oliver was approved as an agency witness, the government decided not to call her. At the hearing, counsel for McGuire stated, "We could live without Christy Oliver.... If she doesn't come, we can go on." Resp.App. at 89. Because McGuire failed to subpoena Nelson and because he agreed to proceed without Oliver, McGuire has waived any contention that the government withheld witnesses from the hearing.
 
 
 13
 McGuire argues he was unable to properly prepare his defense because the agency grossly sanitized documents obtained under the FOIA. The Board did not address the issue of whether the documents were improperly redacted because the Board does not have jurisdiction to decide that issue. United States district courts have exclusive jurisdiction to decide disputes under the FOIA. See 5 U.S.C. Sec. 552(a)(4)(B) (1988). Because the Board did not have jurisdiction to decide whether the documents were redacted in compliance with the FOIA, we are without jurisdiction to reach that issue. Moreover, even if FOIA were violated, that would not establish that McGuire's defense was compromised unless he could show the material withheld would have likely exculpated him. No such showing was made or even attempted.