36 F.3d 1115
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Catherine M. ETHERIDGE, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 94-3003.
 United States Court of Appeals, Federal Circuit.
 Sept. 14, 1994.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Oct. 18, 1994.
 
 Before NEWMAN, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Catherine M. Etheridge petitions for review of the August 30, 1993 decision of the Merit Systems Protection Board, Docket No. BN0752930040-I-l, sustaining her removal by the Internal Revenue Service (agency) from her position as taxpayer service representative. Because the board's decision was supported by substantial evidence and was not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.
 
 DISCUSSION
 
 2
 From November 18, 1985 to November 6, 1992, Etheridge was employed by the agency as a taxpayer service representative. Her duties included providing tax assistance and information to taxpayers by telephone, in person, and by correspondence. While employed by the agency, Etheridge received a series of disciplinary actions, including a seven-day suspension for rude and discourteous behavior, a three-day suspension for failure to follow a direct order, two one-day suspensions for rude and discourteous behavior and failure to follow a direct order, and a letter of admonishment for failure to follow the directions of a supervisor. On July 23, 1992, the agency proposed to remove Etheridge from her employment on the following three grounds: (1) rude and discourteous behavior in dealing with the public, (2) failure to follow her supervisor's direct order, and (3) rude and discourteous behavior in dealing with her supervisor. All three grounds are violations of the agency's rules of conduct.
 
 
 3
 The specific episode of conduct forming the basis for the first ground of removal occurred on April 15, 1992. Etheridge's supervisor, Delores Guilfoyle, received a complaint from a taxpayer ("Taxpayer A")* that Etheridge had been rude and discourteous during the taxpayer's telephonic request for assistance regarding a hardship in paying her taxes. During the conversation, Taxpayer A remarked to Etheridge that she "knew a black fellow in Florida who had actions suspended when he filed a [Form] 911." Etheridge allegedly replied that "[h]e didn't get relief, it will follow him to his grave. Those kind of people never pay taxes anyway. Are you in that category?" Etheridge also allegedly stated that "opening an envelope is not a hardship." The taxpayer replied, "I don't need to be treated so rudely and sarcastically."
 
 
 4
 The incident forming the basis for the second ground of removal also occurred during the April 15, 1992 telephone conversation between Taxpayer A and Etheridge. Guilfoyle began to monitor the call at Etheridge's request. After deciding to proceed with the call herself, Guilfoyle ordered Etheridge to release the call. Not until after Guilfoyle repeated her order did Etheridge comply.
 
 
 5
 Finally, the incident forming the basis for the third ground of removal occurred on April 29, 1992. Upon observing the union steward, David Murphy, in Guilfoyle's office, Etheridge allegedly shouted, "I didn't know a manager needed a union steward."
 
 
 6
 Based on these grounds and on Etheridge's overall disciplinary record, the district director removed Etheridge. On November 27, 1992, Etheridge appealed to the board from the agency action.
 
 
 7
 On April 12, 1993, after a hearing, the Administrative Judge (AJ) affirmed Etheridge's removal. The AJ also found that the removal had not been effected in reprisal for whistleblowing activities. The initial decision of the AJ became the final decision of the board when it denied review on August 30, 1993. See 5 C.F.R. Sec. 1201.113(b). We have jurisdiction to review the board's final decision pursuant to 5 U.S.C. Sec. 7703. Under our statutory standard of review, we affirm a decision of the board unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 Etheridge asserts that the board erred in crediting the testimony of Taxpayer A, Guilfoyle, and Murphy over her own testimony, which was bolstered by the results of a polygraph test. Further, she argues that the board's findings were not supported by substantial evidence because there were various inconsistencies and inherent improbabilities in all of the witnesses' testimony.
 
 
 9
 Determinations of credibility are within the discretion of officials who hear witnesses' testimony and observe the witnesses' demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). This court does not substitute its judgment, or that of the petitioner, for that of the board, but only determines whether the board's factual findings are supported by substantial evidence. See Bevens v. Office of Personnel Management, 900 F.2d 1558, 1564-65 (Fed.Cir.1990). Taxpayer A, Guilfoyle, and Murphy all testified to the events forming the basis for the grounds of Etheridge's removal. These witnesses directly observed the acts about which they testified and their testimony provides substantial evidence that the events indeed occurred. The AJ heard the testimony on the issues in dispute and explained why she found the witnesses' version of the facts more credible than petitioner's version. Etheridge has not persuaded us that we have a basis to disturb the credibility determinations or factual findings of the board.
 
 
 10
 Etheridge also argues that various rulings by the board with respect to discovery and evidentiary matters constituted an abuse of discretion. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988). "This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." Id. If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, Etheridge must prove that the error caused substantial harm or prejudice to her rights which could have affected the outcome of her case. See id. at 1379.
 
 
 11
 Etheridge alleges that the board denied her the opportunity to confront her accuser and impaired her right to a full evidentiary hearing by withholding the current home address and telephone number of Taxpayer A and by refusing to allow testimony relating to a certain internal tax document. The AJ carefully considered Etheridge's motion to compel discovery and denied it in the interest of the witness's privacy. Moreover, the AJ protected Etheridge's interests by affording her the opportunity to obtain discovery from Taxpayer A by way of sealed interrogatories served through the agency. Furthermore, Taxpayer A testified at the hearing, where Etheridge had a full opportunity to cross-examine her. As to the internal tax document, Etheridge did not convince the board, nor does she convince this court, of its relevance. Moreover, Etheridge has not shown us, and we cannot see, how she was prejudiced in any way by the board's refusal to compel the production of Taxpayer A's address and telephone number or allow testimony concerning the internal tax document.
 
 
 12
 The remainder of the board errors asserted by Etheridge range from violations of federal statutes to violations of "the ancient law" as expressed in Deuteronomy. Essentially, Etheridge argues that because witnesses did not tell the truth, the board violated regulations prohibiting perjury and false statements. These allegations merely reiterate Etheridge's challenge of the board's credibility determinations that, on appeal, are "virtually unreviewable." See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). We have carefully considered the other arguments asserted by Etheridge and conclude that she has failed to demonstrate that the board's findings were unsupported by substantial evidence, that the board committed an abuse of discretion, or that the violations alleged, even if proven, constituted harmful error.
 
 
 
 *
 Although Taxpayer A was identified and testified at the board hearing, the taxpayer's identity was not disclosed in the board's decision for privacy reasons