43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Margaret M. SWEENEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3449.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1994.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Margaret M. Sweeney petitions for review of the final decision of the Merit Systems Protection Board, Docket No. BN0752940082-I-1, dismissing her appeal for lack of jurisdiction. Because the board's decision was supported by substantial evidence and was not arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law, we affirm.
 
 DISCUSSION
 
 2
 Sweeney was appointed as a Management Associate in the Postal Service (agency) on August 2, 1986. On November 18, 1989, she was reassigned to the position of Manager of Customer Service in the Lowell, Massachusetts Post Office. Sweeney resigned from her position with the agency on November 12, 1992.
 
 
 3
 Sweeney filed an appeal with the board on December 30, 1993, alleging that her resignation was involuntary, due to a hostile work environment created by sexual harassment and discrimination based on her religion and national origin. The Administrative Judge (AJ) found that Sweeney failed to show that she was coerced into resigning or constructively discharged. Finding instead that her resignation was voluntary, the AJ dismissed Sweeney's appeal for lack of jurisdiction. The initial decision of the AJ became the final decision of the board on June 3, 1994. See 5 C.F.R. Sec. 1201.113 (1994). Sweeney now petitions this court for review.
 
 
 4
 We have jurisdiction to review the board's final decision pursuant to 5 U.S.C. Sec. 7703. Under our statutory standard of review, we affirm a decision of the board unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 Sweeney argues that the board failed to take into consideration the various facts and circumstances which allegedly created a hostile work environment and that, therefore, it erred in determining that her resignation was voluntary. Sweeney's arguments amount essentially to a challenge to the board's credibility determinations that, on appeal, are "virtually unreviewable." See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985) (determinations of credibility are within the discretion of officials who hear witnesses' testimony and observe the witnesses' demeanor). This court does not substitute its judgment, or that of the petitioner, for that of the board, but only determines whether the board's factual findings are supported by substantial evidence. See Bevens v. Office of Personnel Management, 900 F.2d 1558, 1564-65 (Fed.Cir.1990).
 
 
 6
 The board carefully evaluated the relevant evidence and found that the atmosphere in the Lowell Post Office was relaxed and there was occasional joking of an ethnic, religious, and sexual nature, but that a reasonable person would not find the atmosphere so severe or pervasive as to cause an abusive work environment. The board determined that Sweeney had problems adapting to the relaxed atmosphere and, as a result, did not develop good working relations with her coworkers. Moreover, the board explained why it considered the other witnesses' testimony more credible than that of Sweeney. Finally, the board found that Sweeney's inaction in the face of the alleged work atmosphere, her attitude toward her coworkers, and her refusal to accept alternatives to resignation diluted the persuasiveness of her allegations. Sweeney has not persuaded us that we have a basis to disturb the credibility determinations or factual findings of the board. The board thus did not err in determining that Sweeney was not coerced or constructively discharged and, hence, that her resignation was voluntary. Accordingly, the board properly dismissed Sweeney's appeal for lack of jurisdiction. See Cruz v. Department of Navy, 934 F.2d 1240 (Fed.Cir.1991).
 
 
 7
 Sweeney also asserts that the board failed to consider the fact that the agency did not comply with its regulations when it failed to issue her an opinion within 45 days of her receipt of a copy of her investigative file* and when it did not grant her an exit interview. However, because the board lacked jurisdiction to hear Sweeney's appeal, these matters could not have been considered. In fact, Sweeney was accorded the statutory time to appeal the agency's final decision; that time did not begin to run until the date she received the agency's decision. Sweeney's appeal to the board was indeed timely, and she was given a board hearing and decision. Sweeney has not established that the agency's slight delay in issuing its decision caused harm or prejudice to her rights which could have affected the outcome of her case in any way. Likewise, the fact that Sweeney was not given an exit interview by her supervisor does not establish harmful error that could have changed the outcome of her appeal.
 
 
 8
 We have carefully considered the other arguments asserted by Sweeney and conclude that she has failed to demonstrate that the board's decision was unsupported by substantial evidence, arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law.
 
 
 
 *
 Sweeney was mailed a copy of her investigative file on July 29, 1993 and was issued a decision on December 7, 1993. Sweeney asserts that the agency's delay was "a violation of [her] civil rights to preserve and reserve [her] rights to be heard [and also a denial of] due process under the law."