95 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Linda L. BUNNER, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 96-3169.
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1996.
 
 Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Linda L. Bunner seeks review of the January 5, 1996 decision of the Merit Systems Protection Board (Board), Docket No. CH0752950951-I-1, which affirmed the decision of the Department of Defense (agency) to demote Bunner from her position as a Supervisory Computer Specialist to the non-supervisory position of a Computer Specialist. We affirm.
 
 
 2
 * Bunner was employed by the agency as a Supervisory Computer Specialist for the Defense Reutilization Marketing Service in Battle Creek, Michigan. In November 1992, an investigation conducted by the agency revealed that Bunner had not actually worked all the hours that she had claimed on her time records. The investigation relied on Bunner's time records, records from the agency's computerized card key entry system, and voluntary statements from Bunner herself. In response to this investigation and after following the applicable procedures, the agency demoted Bunner to the non-supervisory position of Computer Specialist on June 16, 1995 for two charges of falsifying her time records to receive pay for time not worked and for two charges of using Government equipment other than for official purposes.
 
 
 3
 Bunner filed a timely appeal with the Board. The AJ found that on 36 occasions Bunner entered the building where she worked later than the time she reported as the beginning of her duty day on her time records. Additionally, the AJ found that Bunner claimed entitlement to work on 12 days when in fact Bunner did not report to her duty station on those days. Before the AJ, Bunner explained that she thought that she was permitted to put her "core time" on her time records, and not her actual time worked, as long as she was honest about working the required number of hours. Bunner also attempted to explain away inconsistencies between her statements made during the agency's investigation, where she admitted that she did not work during all the hours she claimed, and her testimony before the AJ, where she denied that she had done so, by claiming that the agency's investigator pressured her into making false statements. The AJ found that Bunner's testimony was not credible. Based on this credibility determination and the fact that Bunner was a supervisor charged with the knowledge of proper completion of time records and with overseeing the time records of her subordinates, the AJ sustained the agency's charges of intentionally falsifying time records. The AJ did not sustain the agency's charges of using Government equipment other than for official purposes, however, because the agency failed to support these charges by the preponderance of the evidence.
 
 
 4
 The AJ then turned to the issue of whether the severity of the penalty imposed by the agency was appropriate. Weighing the relevant factors, such as Bunner's lack of a disciplinary record, the serious nature of the falsification charge, the supervisory nature of Bunner's duties, and the expressed loss of confidence in Bunner by her superior and subordinates, the AJ concluded that the penalty of demotion was reasonable. The initial decision of the AJ became final on February 9, 1996. Bunner then appealed to this court.
 
 II
 
 5
 On appeal, Bunner challenges the credibility findings of the AJ, alleging that the AJ "appears to find for the Agency, not on what the Agency produced--and not giving credibility to any of Petitioner's testimony or Exhibits." The determination of credibility of witnesses is within the discretion of the official who observed their testimony and demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 363 (Fed.Cir.1985). Given that Bunner's testimony before the AJ was inconsistent with Bunner's statements to the agency's investigator, which were found to be voluntary on the basis of substantial evidence, the AJ was well supported by the record in making her determination not to credit Bunner's testimony. We cannot disturb that finding.
 
 
 6
 Bunner also argues that there is no evidence to support the AJ's determination that she did not work during all of the hours she claimed on her time records. Bunner is incorrect. The agency presented before the AJ: (1) Bunner's time records which were inconsistent with the agency's computerized card key entry system showing that she entered the facility later than the time claimed on her time records as the time she started her day's work; (2) the testimony of Bunner's subordinates stating that Bunner was often not at her workplace at the end of her shift; and (3) statements by Bunner herself that she did not work for all the days that she claimed on her time records. Thus, there is substantial evidence to support the AJ's decision that Bunner intentionally falsified her time records in an attempt to receive compensation for hours she did not work.
 
 
 7
 We have examined Bunner's other arguments and find them without merit. Bunner thus has not met her burden to show that the Board's decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). The decision of the Board is affirmed.