Walter POWERS, Petitioner,

v.

**DEPARTMENT OF THE TREASURY,**
Respondent.

No. 02–3377.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 13, 2003.

Before NEWMAN, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Petitioner Walter Powers petitions for review of the final decision of the Merit Systems Protection Board, Docket No. NY–0752–01–0083–I–1, 92 M.S.P.R. 228, 2002 WL 1466601, sustaining the decision of the Internal Revenue Service ("IRS") to remove Mr. Powers from his position as an assignment clerk for repeatedly accessing confidential taxpayer information in violation of IRS policy. Because substantial evidence in the record supports the Board's finding that Mr. Powers committed the charged violations and because we find no abuse of discretion in the penalty imposed, we *affirm*.

## BACKGROUND

The evidence shows that on six occasions between April 27, 1998, and February 9, 1999, Mr. Powers accessed taxpayer information regarding certain celebrities and other taxpayers. Mr. Powers' third line supervisor and his immediate supervisor testified that Mr. Powers had not been given authorization to access the accounts in question. The group manager for celebrity accounts testified that none of the celebrities in question had open

accounts at the time Mr. Powers accessed their files, and that all requests for such access must be approved by the celebrity group manager. In light of those facts, an agency investigator determined that Mr. Powers had accessed confidential taxpayer information without authorization in violation of federal law. *See* 26 U.S.C. § 7213(a).

Mr. Powers testified that he was innocent of the charge, but the administrative judge found his testimony not credible because it was unclear, inconsistent, and contrary to other evidence of record. Initially, Mr. Powers maintained that he did not access the information. Subsequently, he claimed that he was authorized to access the information by someone who provided him names and social security numbers. Mr. Powers later stated that the alleged authorization list did not include social security numbers. Finally, Mr. Powers claimed that he was "framed" by being induced to access the records as part of a conspiracy among his coworkers to have him removed because they considered him a racist.

## DISCUSSION

 The administrative judge concluded that Mr. Powers' testimony was not credible. Based on the inconsistencies in his testimony and the administrative judge's opportunity to observe his demeanor, we find no abuse of discretion in the administrative judge's decision not to credit that testimony. *See Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed.Cir.1985).

The record supports the Board's determination that Mr. Powers' prohibited access of taxpayer information contravened the agency's mission and demonstrated that he was untrustworthy. One of Mr. Powers' supervisors testified that Mr. Powers attended two meetings, one in 1998 and one in 1999, at which IRS employees were informed of the agency's "zero tolerance" policy for unauthorized access. Employees were required to sign a certification that they had attended and understood the training. The lack of trustworthiness demonstrated by Mr. Powers' violation of the policy is an appropriate basis on which to conclude that an adverse action would promote the efficiency of the service. 5 U.S.C. § 7513(a); *see Pararas–Carayannis v. Dep't of Commerce*, 9 F.3d 955, 958 (Fed.Cir.1993).

The Board properly considered all relevant circumstances before affirming the penalty of removal, including the agency's "zero tolerance" policy, Mr. Powers' multiple violations of the policy, the importance of trustworthiness in IRS personnel, and Mr. Powers' length of service. We cannot conclude that the penalty of removal in this case "is so outrageously disproportionate to the charged offense in light of all relevant factors as to constitute an abuse of discretion." *Bryant v. Nat'l Sci. Found.*, 105 F.3d 1414, 1416 (Fed.Cir. 1997). We therefore uphold the decision of the Board.