**Brian L. CURTIS, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 04–3058.

United States Court of Appeals, Federal Circuit.

DECIDED: May 7, 2004.

Brian L. Curtis, Ellicott City, MD, pro se.

James D. Colt, Principal Attorney, William F. Colt, David M. Cohen, Virginia G. Farrier, John H. Schumacher, Of Counsel, Washington, DC, for Respondent.

Before MAYER, Chief Judge, RADER and BRYSON, Circuit Judges.

PER CURIAM.

Brian L. Curtis appeals the decision of the Merit Systems Protection Board, which affirmed the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms' ("ATF") assessment that Curtis was unsuitable for employment. *Curtis v. Dep't of Treasury,* PH0731020158–I–1 (MSPB July 2, 2002). We *affirm.*

We review the board's decision in accordance with 5 U.S.C. § 7703(c). As part of the application process, Curtis filled out Standard Form 86. As to question 28a, which asks whether the applicant has been more than 180 days delinquent on any debt(s) in the last seven years, Curtis answered "No." Further, he failed to answer question 28b, which asks whether the applicant is currently more than 90 days delinquent on any debt(s). The ATF investigator, Lawrence Hearn, contacted Curtis about his application. During this conversation, Hearn claims that Curtis acknowledged that he answered question 28a incorrectly and that he inadvertently failed to answer 28b, but that he was not currently 90 days past due on any debts. Curtis challenges Hearn's characterization of their conversation, claiming instead that he told Hearn that he believed it was sufficient that he had divulged all information regarding his Chapter 13 bankruptcy. After a hearing, where both Hearn and Curtis testified, the board credited Hearn's account and determined that Curtis answered 28a inaccurately and that he acknowledged this error.

While Curtis disputes the board's findings that he had been 180 days overdue on at least one debt in the past seven years and that, at the time of his conversation with Hearn, he had at least one debt 90 days past due, he provided no documentary evidence to support a contrary conclusion. Further, the evidence of record supports the board's factual determinations in this regard. *See Henry v. Dep't of the Navy,* 902 F.2d 949, 951 (Fed.Cir.1990) (the board's findings of fact will not be disturbed if supported by substantial evidence).

Curtis also challenges the board's decision to credit Hearn's testimony; however, such a credibility determination is "virtually unreviewable." *Hambsch v. Dep't of*

*Treasury,* 796 F.2d 430, 436 (Fed.Cir. 1986); *see also Griessenauer v. Dep't of Energy,* 754 F.2d 361, 364 (Fed.Cir.1985). Because Hearn's accounting is not "inherently improbable or discredited by undisputed evidence or physical fact," we accept it as true. *Dittmore–Freimuth Corp. v. United States,* 182 Ct.Cl. 507, 390 F.2d 664, 685 (1968). We also agree that ATF's decision promoted the efficiency of the service. *See O'Neill v. Dep't of Hous. & Urban Dev.,* 220 F.3d 1354, 1365 (Fed.Cir. 2000). As noted by the board, "appellant's lack of candor regarding his financial matters would interfere with or prevent the agency from effectively performing its duties and responsibilities."