NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3001

STEVEN F. GADDY,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Steven F. Gaddy, of Washington, DC, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Steven J. Gillingham, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3001

STEVEN F. GADDY,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED: March 19, 2007

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Steven F. Gaddy petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752040660-B-1, sustaining the decision of the Navy to remove him from his position as a civilian police officer. We affirm the decision of the Board.

BACKGROUND

Mr. Gaddy was employed at the Naval District of Washington, with five years of federal service. On June 29, 2004, he was removed from service on charges of failure to follow agency policy, commission of inappropriate conduct, and absence without leave. The charges arose from three incidents.

In the first incident, Mr. Gaddy was charged with failure to follow agency policy when he refused access to a military housing facility to a guest of one of the residents, although the guest had the necessary documentation to secure admission (a base parking sticker and a military identification card). Mr. Gaddy describes the guest as "disorderly." After an altercation which witnesses described as rude and abusive, Mr. Gaddy required the visitor and her children to park their vehicle off of the base and walk to their destination on the base, also in violation of base access policy.

In the second incident, Mr. Gaddy by police car pursued a car that had failed to stop at a base checkpoint, followed it off the base, and forced it to stop using a maneuver known as a "tactical vehicle takedown" wherein the police car pulls in front of the pursued vehicle and brakes and stops, forcing the pursued vehicle to stop. The car that Mr. Gaddy had pursued was following an ambulance with flashing lights, which also had not stopped at the checkpoint. The pursued car contained the family of the child in the ambulance. Mr. Gaddy performed the "tactical vehicle takedown" at forty miles per hour on a busy metropolitan street. Witnesses for the Navy testified that this conduct violated agency policies and that the procedure was extremely dangerous.

The third incident involved a leave request that Mr. Gaddy submitted to a supervisor so he could attend a training course. The request stated that he had adequate leave to

cover the absence. The supervisor approved the leave but then revoked the approval when he learned that Mr. Gaddy did not, in fact, have the necessary leave. Mr. Gaddy attended the class, and the Navy charged him with absence without leave.

Based on these three incidents the Navy removed Mr. Gaddy from employment. Mr. Gaddy appealed to the MSPB. On October 21, 2004, the Administrative Judge dismissed the appeal, without prejudice to refile, because Mr. Gaddy was incarcerated in Flint, Michigan on an unrelated matter on the day of the scheduled hearing. Mr. Gaddy refiled the appeal on December 21, 2004, and the same Administrative Judge dismissed it as untimely filed. The full Board reversed the dismissal, and the appeal proceeded.

The Navy then moved to dismiss the appeal because, following his removal, Mr. Gaddy had been convicted of a felony (in Michigan) and was unable legally to carry a firearm. The Navy argued that since he could not be reinstated to his position as a police officer, the appeal of his dismissal had become moot. The AJ denied the motion, reasoning that if Mr. Gaddy prevailed on his appeal he might be entitled to back pay for the period from his removal to the felony conviction.

The AJ held a hearing at which Mr. Gaddy and several witnesses testified concerning the events on which his removal was based. Examining the demeanor of the witnesses and assessing their motivation to be truthful, the AJ resolved the relevant factual issues in favor of the Navy and sustained the charges. Examining the Douglas factors, the AJ sustained the penalty of removal as appropriate to the charges that had been proved. The full Board denied further review, and this petition followed.

DISCUSSION

Decisions of the Board must be sustained unless the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. §7703(c);  Covington v. Dep't of Health and Human Services, 750 F.2d 937, 941 (Fed. Cir. 1984).

Mr. Gaddy states that he was not aware of the policies that he was charged with violating, or in the alternative that he had the authority to disregard them in performing his duties as a police officer.  Concerning the access to the Base, Mr. Gaddy testified that the visitor was "very disorderly," and that he acted within the limits of his duties as a police officer.  Witnesses supported both Mr. Gaddy's version of the events, and the Navy's version.  Witnesses for the Navy testified that Mr. Gaddy was aware of the policies regarding access to the Base and the pursuit of vehicles.

Concerning the charge of AWOL, he states that he was unaware that his previously granted request for leave had been revoked, and in all events that the revocation was improper and that he had written permission to attend the training class.  He points to the official nomination for Mr. Gaddy to attend the training class, signed by his Navy supervisor.  A witness testified that Mr. Gaddy had been personally told by one of his supervisors that his leave request had been revoked; a copy of the written revocation is in the record.

The AJ reviewed this evidence and concluded that the Navy's witnesses were more credible than Mr. Gaddy and his witnesses.  The issues depend in part on credibility determinations.  Although Mr. Gaddy points to several conflicting statements among the Navy's witnesses, credibility determinations in MSPB proceedings are virtually

2007-3001                                                4

unreviewable on appeal.  <u>See</u> <u>DeSarno v. Department of Commerce</u>, 761 F.2d 657, 661 (Fed. Cir. 1985); <u>Griessenauer v. Department of Energy</u>, 754 F.2d 361, 364 (Fed. Cir. 1985).

The AJ's findings are supported by substantial evidence, including the evaluation of the penalty.  The decision of the Board must be sustained.

No costs.