NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHAN EVANS,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2012-3190

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-10-0966-I-2.

---

Decided: January 8, 2015

---

KEITH GOFFNEY, Law Offices of Keith Goffney, of Los Angeles, California, for petitioner.

HILLARY A. STERN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT SNEE, Acting Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Stephan Evans seeks review of a decision by the Merit Systems Protection Board ("the Board"). The Board denied his appeal of a decision by the United States Postal Service ("the USPS") removing him from his position as a safety specialist. We affirm.

I

Evans worked for the USPS for the better part of twenty years, beginning in 1994. In 2006, he held the position of Safety Specialist. That position required him to visit various post office facilities to conduct building inspections, audits, and accident investigations. In 2004, Evans applied for and received a Citibank Government Travel card, which may only be used for official travel and must be paid "in full each month." Petitioner's App. 110.

In March of 2010, the USPS Office of Inspector General received information that Evans had misused his government card. After an investigation, the USPS removed Evans on the grounds of 1) misuse of his government-issued travel card, 2) failure to pay his government-issued travel card charges in a timely manner, 3) false statements made during a government investigation, and 4) misuse of work and sick leave status. Evans appealed to the Merit Systems Protection Board, which affirmed the USPS action.

On review here, Evans challenges the sufficiency of the evidence to support the charges.

## II

We conclude that there was substantial evidence to support the charges. With respect to the charge of misuse of a government-issued credit card, the investigative report found, *inter alia*, that Evans incurred charges totaling approximately $2,292.94 on his card, including a charge for $1,053.99 at a casino and two cash advances totaling $1,200, which were used in part for personal expenses. This was in violation of his cardholder agreement, which required him to only use the card for official travel. Evans admits that some of the money was withdrawn to pay for his nephew's medical emergency. With respect to the charge of failing to pay his card balance at the end of each month, Evans admits that he failed to timely pay his credit card, as required by the cardholder agreement. With respect to the charge of lying during a government investigation, there is substantial evidence that he lied because, *inter alia*, in one investigative interview, he asserted that he had cut up his government-issued card, but in a follow-up interview, he admitted that he still had it. With respect to the charge of misusing sick leave, there is substantial evidence to support the charge; the government produced evidence that Evans had visited a casino and gambled while on sick leave.

Evans challenges the Board's credibility determinations. He argues, for example, that his "testimony that he never visited a casino while his status was On-Duty should have been credited by the administrative judge as more probative than the unreliable casino records and [the USPS's Time and Attendance Control System] data." Petitioner's Br. 28. Credibility determinations are largely unreviewable, *Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed. Cir. 1985), and Evans has provided no basis for overturning the Board's credibility determinations.

### III

Evans also argues that his punishment should have been mitigated for a number of reasons. He argues, for example, that his misuse of the Citibank card was not for personal gain because it was for his nephew's medical emergency; that he did not know he was required to pay the card off each month; that his false statements made to the investigators about his use of the card were immaterial; and that the mere fact that he was too sick to work did not mean it was inappropriate to "visit[] a casino during his convalescence." Petitioner's Br. 28. When reviewing an agency's penalty determination, we will disturb that determination only if the punishment, in light of the evidence, is "totally unwarranted." *See Lachance v. Devall*, 178 F.3d 1246, 1251 (Fed. Cir. 1999) (citations omitted). In light of the severity and numerosity of the charges, we find no basis for disturbing the determination that removal was an appropriate punishment.

**AFFIRMED**

Costs

No costs.