Alex ALEXANDER, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,
Respondent.

No. 01–3165.

United States Court of Appeals,
Federal Circuit.

Oct. 18, 2001.

Before MICHEL, RADER, and LINN, Circuit Judges.

## DECISION

### PER CURIAM.

Alex Alexander appeals from a final order of the Merit Systems Protection Board ("MSPB" or "Board"), sustaining the Office of Personnel Management's ("OPM")

action that rated ineligible his application for the position of Immigration Agent, canceled any eligibility he may have obtained from this or any application he may have had pending for competitive positions, and debarred him from competition for, or appointment to, any position in the Federal Service until December 14, 1999. *See Alexander v. Office of Pers. Mgmt.*, Nos. SF–0731–00–0009–I–1, SF–0731–99–0119–I–2, (M.S.P.B. Dec.8, 2000). Because Alexander has not demonstrated that the Board's decision is in error, we *affirm*.

## BACKGROUND

Alexander worked as a Detention Enforcement Officer ("DEO") for the Immigration and Naturalization Service ("INS") from May 6, 1996, until August 28, 1997. He applied for the position of Immigration Agent on or about July 22, 1997, and was investigated by the OPM pursuant to his application. In the course of its investigation, the OPM found that Alexander's conduct as a DEO was incompatible with the position of Immigration Agent. The OPM made two specific charges: (1) misconduct/negligence in prior employment, and (2) dishonest conduct by making misleading statements to his supervisors about his leave request.

The first charge included four sub-parts, or "specifications," including: (a) problems following orders and taking direction from his supervisor in the Los Angeles office, (b) unprofessional conduct in handling a tenant dispute at his home, (c) failure to follow proper signout procedures when he moved from the Los Angeles office to the San Diego office of the INS, and (d) unauthorized absences as well as failure to contact his supervisor.

The second charge stemmed from Alexander's failure to report for work on July 5, 1997. Alexander had previously requested annual or administrative leave for

July 5, a request that was denied, and subsequently claimed he was sick after failing to report to work. Alexander submitted evidence of illness and was granted disability benefits for the period from July 6, 1997 through August 21, 1997. However, the OPM found insufficient evidence that Alexander was ill on July 5, and inferred that Alexander falsely claimed that he was sick after being denied annual or administrative leave.

After notifying Alexander and considering his response, the OPM sustained the charges and rated ineligible Alexander's application for the position of Immigration Agent, canceled any eligibility he may have obtained from this or any application pending for competitive positions, and debarred him from competition for or appointment to any position in the Federal service until December 14, 1999. Alexander timely appealed the OPM's decision to the MSPB. In an initial decision dated May 5, 2000, the Board upheld the decision of the OPM. Alexander then petitioned the full Board for review of the May 5, 2000 initial decision, but the Board denied the petition and made the initial decision final in an order dated December 8, 2000 ("final order").

This appeal followed. We have jurisdiction over Alexander's appeal from the Board's final order pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

■ Our review of this appeal is limited in scope. We must affirm the decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994); *Gibson v. Dep't of Veterans Affairs,* 160 F.3d 722, 725 (Fed.Cir.1998). The focus of our re-

view is to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (internal quotations omitted).

■ Determinations of the credibility of witnesses is the province of the official who heard the testimony and observed witness demeanor, *see Griessenauer v. Dep't of Energy,* 754 F.2d 361, 364 (Fed. Cir.1985), and will not be disturbed unless "inherently improbable or discredited by undisputed evidence or physical fact." *Dittmore–Freimuth Corp. v. United States,* 182 Ct.Cl. 507, 390 F.2d 664, 685 (Ct.Cl.1968). Alexander's burden on appeal is to demonstrate that the record does not contain "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

■ Alexander alleges that the Board committed errors of law and misapprehended various facts in its decision below. Although many of his arguments are presented for the first time on appeal or are not entirely clear on the record before us, we recognize that Alexander is acting pro se in this appeal. Accordingly, we address the allegations to the extent they can best be determined from Alexander's brief.

■ Alexander alleges that the Board below improperly relied upon hearsay evidence provided during the testimony of several OPM witnesses, citing 5 U.S.C. § 2302, and argues that "personal knowledge" is required. Alexander argues that this provision forbade the OPM investigators from using hearsay evidence to support their findings. We disagree. This

court has previously explained that the "personal knowledge" requirement of section 2302 is directed not to forbidding hearsay, but instead to forestalling political interference:

> that provision does not apply to employees of the agency who witnessed or were involved in an incident such as this, but rather relates to statements or recommendations by outsiders, like senators or congressmen; the legislative objective was to forestall political or partisan interference in personnel actions.

*Depte v. United States,* 715 F.2d 1481, 1484 (Fed.Cir.1983) (citations omitted). It is well established that hearsay evidence may amount to substantial evidence in an administrative proceeding, if the circumstances indicate that the evidence is reliable. *Sanders v. United States Postal Service,* 801 F.2d 1328, 1331 (Fed.Cir.1986) (citing *Richardson v. Perales,* 402 U.S. 389, 399–402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). To guard against any hearsay problems, administrative decisions based on hearsay must be evaluated on a case-by-case basis to determine if the hearsay is more credible than the evidence offered against it. *Sanders,* 801 F.2d at 1331.

■ In this case, the Board performed a detailed evaluation of the facts and found the evidence of Alexander's misconduct, including hearsay evidence, not only more credible than any evidence proffered by Alexander, but also corroborated in many instances by the testimony of multiple officials. These are circumstances which give this evidence "credibility and probative value to a reasonable mind." *Id.* We discern no error.

■ Alexander further alleges Board error on the ground that the OPM charges do not meet the criteria of 5 C.F.R. § 735.203. This regulation states:

> An employee shall not engage in criminal, infamous, dishonest, immoral, or no-

toriously disgraceful conduct, or other conduct prejudicial to the Government.

5 C.F.R. § 735.203 (2001). Section 735.203 defines a standard of conduct to be followed by government employees, but does not define the criteria for OPM suitability determinations. Instead, 5 C.F.R. § 731.202 defines such criteria:

> (a) General. In determining whether its action will protect the integrity or promote the efficiency of the service, OPM, or an agency to which OPM has delegated authority, shall make its determination on the basis of the specific factors in paragraph (b) of this section, with appropriate consideration given to the additional considerations outlined in paragraph (c) of this section.

> (b) Specific factors. When making a determination under paragraph (a) of this section, the following may be considered a basis for finding an individual unsuitable:

>> (1) Misconduct or negligence in employment;

>> (2) Criminal or dishonest conduct;

>> (3) Material, intentional false statement or deception or fraud in examination or appointment;

> . . .

5 C.F.R. § 731.202 (2001). The first and second charges by OPM against Alexander closely follow the criteria of sections 731.202(b)(1) and 731.202(b)(2), respectively. Although Alexander was subject to section 735.203 as a federal employee, the OPM was required to, and did, make its determination based on the criteria set forth in section 731.202. Thus, Alexander misapprehends the correct standard to be applied, and fails to show that the Board erred as to the applicable criteria.

Alexander next alleges that the Board failed to consider another important

ground for relief, namely "Whistleblower Protection." In its May 5, 2000 Initial Decision, the Board noted that Alexander had questioned witnesses concerning complaints Alexander allegedly made to authorities and had referred to the issue in his closing remarks. However, the Board found that Alexander failed to show that the officials involved were aware of any negative complaints or comments by Alexander. The Board also found that there was no showing of either a motive to retaliate or that the officials acted together in a retaliatory conspiracy. Further, the Board specifically stated, "there is no evidence showing a causal connection between the alleged retaliation and the removal action." Finally, the Board concluded that the agency instead established by clear and convincing evidence that it had a legitimate basis for the personnel action taken. Alexander fails to show us where the Board erred, and we find no reason to question any of the Board's conclusions.

■ Moreover, we also find that Alexander's whistleblower claim was not properly before the Board. The Board has jurisdiction to hear a claim based on "Whistleblower Protection" only if the exact grounds of wrongdoing by the agency are first specified to the Office of Special Counsel ("OSC"). *See Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed.Cir.1992). We have reviewed the record and find no indication that Alexander met the jurisdictional requirement of prior OSC review. Because Alexander did not first present his allegations of wrongdoing by the agency to the OSC, he had no independent right of action under the statute. 5 U.S.C. § 1214(a)(3) (1994); *Ward*, 981 F.2d at 526. Thus, the Board did not have jurisdiction to hear Alexander's Whistleblower Protection claim.

■ Alexander also alleges that the Board's findings regarding Alexander's absence on July 5, 1997 violated 5 U.S.C. § 6101, which establishes a basic 40–hour administrative workweek, "and the 2 days outside the basic workweek are consecutive." 5 U.S.C. § 6101 (2001). Alexander essentially alleges that he was entitled to take the day off on July 5, 1997. Whether or not INS deviated from the basic 40–hour administrative workweek on July 5, 1997 is irrelevant for purposes of this appeal. The Board made its determination on the basis of Alexander's dishonesty in explaining his absence for that day, as well as other misconduct that is well-documented in the record. Alexander fails to make any showing that the Board's decision is unsupported by substantial evidence.

■ Alexander contests the propriety of various evidentiary rulings made below. We will not disturb discovery rulings under the circumstances of this case "unless an abuse of discretion is clear and is harmful." *Markland v. Office of Pers. Mgmt.*, 140 F.3d 1031, 1036 (Fed.Cir.1998). Because Alexander provides no evidence or explanation as to why the rulings were erroneous, we can discern no abuse of discretion.

■ Alexander also makes several serious allegations of bias and judicial misconduct on the part of an administrative judge in this case. These allegations are wholly unsupported by the record. A bare allegation of bias or improper conduct is insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Wexler v. Dep't of Interior*, 48 M.S.P.R. 513, 519 (1991); *see West v. United States Postal Service*, 44 M.S.P.R. 551, 564 (1990). In the absence of any evidence, we find that Alexander has utterly failed to overcome the presumption that the decisionmakers in this

case exercised the honesty and integrity expected of them.

Alexander makes several other allegations of legal and factual error which appear to be attempts to justify his conduct. We cannot re-weigh the evidence. The Board's decision included specific findings supported by substantial evidence apparent from the record, and Alexander has failed to show otherwise.

## CONCLUSION

Because Alexander has failed to demonstrate that the decision of the Board was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence, we affirm.