NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3210

RANDY HAIGHT,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Lawrence A. Berger, Mahon & Berger, of Glen Cove, New York, for petitioner.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3210

RANDY HAIGHT,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752060209-I-1.

_____

DECIDED: May 8, 2008

_____

Before MAYER, SCHALL, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Randy Haight (Mr. Haight) appeals the United States Merit Systems Protection Board's (Board's) final order in <u>Randy Haight v. Department of Justice</u>, SF0752060209-I-1 (Feb. 26, 2007). The Board sustained Mr. Haight's removal from service by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). We <u>affirm</u>.

BACKGROUND

Before coming to ATF, Mr. Haight served as a police officer with the Stockton Police Department (SPD) in California. While at SPD, he was promoted to Lieutenant with a one-year probationary period, but in 1988 the SPD chief returned him to the rank

of Sergeant due to pending investigations into alleged misconduct. Mr. Haight filed for disability retirement, and appealed the SPD chief's decision. Mr. Haight later settled both matters with the city.

After settling with the city, Mr. Haight applied for a job with ATF. Mr. Haight's answers on his ATF application and related paperwork did not reveal that he had left SPD after signing a settlement agreement halting further investigations into his conduct at SPD, nor did his answers show that he had also retired from SPD for medical reasons leading to a disability pension.

ATF first learned of questions concerning Mr. Haight's background in 1994. ATF agent Ronald Wolters was assigned to look into the matter, but did not have access to his ATF employment documents, and no action was taken against Mr. Haight in 1994. Following an anonymous tip in 2004, a second ATF agent visited SPD and reviewed Mr. Haight's ATF employment documents. That agent noticed discrepancies between Mr. Haight's SPD record and his initial disclosures to ATF. After an interview with the second agent in 2004, the chair of ATF's Professional Review Board proposed Mr. Haight's removal, and ATF's Bureau Deciding Official sustained the proposal on December 5, 2005.

Mr. Haight filed an appeal with the Board following his removal. The Board held a hearing and sustained both of ATF's charges against Mr. Haight, although it did not sustain all of the specifications supporting those charges. Mr. Haight appealed the Board's initial decision to the full Board, which denied Mr. Haight's petition for review. This appeal followed.

DISCUSSION

We affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

I.      The Board Properly Sustained The Agency's Charges

The Board properly sustained ATF's first charge against Mr. Haight, which was based on his lack of candor both during his initial interviews with the agency and during the 2004 interview concerning his hiring. The Board also properly sustained ATF's second charge, which was based on Mr. Haight's false answers to a variety of questions posed on employment and security forms. We accord great deference to the Board's credibility determinations. Griessenauer v. Dep't of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985).

The Board found that Mr. Haight failed to offer any credible explanation for the false answers he provided to various questions on his employment forms. The Board also found Mr. Haight's explanations about his answers in the interviews "wholly unbelievable, then and now." We defer to the Board's credibility determinations with respect to Mr. Haight's explanations because the Board's credibility determinations are not discredited by undisputed evidence or physical fact. In short, the Board's holdings concerning both of the agency's charges are supported by substantial evidence.

II.      The Agency Provided Mr. Haight with Due Process

The Board properly held that the agency provided Mr. Haight with due process. Due process protects an employee's property interest in continued employment. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). The essential

2007-3210                                    3

requirements of due process are notice and an opportunity to respond.  Id. at 546-48.

In Loudermill, the Supreme Court cautioned against excessive delays in "post-termination" hearings—hearings held after an employee has been deprived of his property interest in employment.  Id. at 547.

This case does not concern a post-termination delay.  ATF did not deprive Mr. Haight of any property interest before it began its adverse action—he continued to hold his position and receive pay during the entire period of "delay."  Further, as the Board found, ATF provided Mr. Haight notice and an opportunity to respond.  The Board therefore correctly held that the agency provided Mr. Haight with due process.

### III.    The Agency's Charges Are Not Barred by Laches

The Board properly held that the agency's charges are not barred by laches.  To invoke a laches defense, a party has the burden to prove:  "1. the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and 2. the delay operated to the prejudice or injury of the defendant."  A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1032 (Fed. Cir. 1992) (en banc) (citation omitted).

As the Board properly held, Mr. Haight did not prove either element of laches. First, Mr. Haight did not show that the agency's "delay" in filing suit was unreasonable or inexcusable.  Mr. Haight asserts that the agency knew all it needed to know in 1994 to take action.  However, Mr. Wolters testified that he lacked access to Mr. Haight's employment forms in 1994.  Until the agency compared Mr. Haight's background with those forms, it was not aware of the conduct that formed the basis for its action. Second, Mr. Haight failed to show that the Board's findings concerning prejudice are

unreasonable or unsupported by substantial evidence. Mr. Haight asserts that he was actually prejudiced by the agency's delay in bringing charges because an "exculpatory" 1994 report by Mr. Wolters is now lost, and because of Mr. Wolters' failure to remember details surrounding the 1994 investigation. But nothing that Mr. Wolters could have written in his "exculpatory" report would change the undisputed testimonial and documentary evidence upon which the Board relied when it sustained the charges against Mr. Haight.

IV.    The Penalty of Removal

The Board properly affirmed the agency's penalty of removal. We will not disturb an agency's choice of penalty "unless the severity of the agency's action appears totally unwarranted in light of all factors." Lachance v. Devall, 178 F.3d 1246, 1251 (Fed. Cir. 1999) (quotations omitted). Mr. Haight asserts that "[t]here is no evidence that the Agency" considered "other methods of addressing the issues raised in the proposal." This assertion is incorrect because the deciding official here explicitly "considered [Mr. Haight's] request that a lesser penalty be imposed in this case." The official rejected a lesser penalty because of the gravity of the charges, Mr. Haight's prior disciplinary record, and Mr. Haight's failure to take responsibility for his actions. Accordingly, the agency's penalty decision was not totally unwarranted.

We have considered, but reject the remainder of Mr. Haight's arguments. For the foregoing reasons, we affirm the judgment of the Board.