NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CECIL J. WARREN,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

_____

2012-3147

_____

Petition for review of the Merit Systems Protection Board in MSPB Docket No. DC0752100530-B-1.

_____

Decided: November 9, 2012

_____

CECIL J. WARREN, of Andrews, North Carolina, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

_____

Before LOURIE, DYK, and MOORE, *Circuit Judges.*

PER CURIAM.

Cecil J. Warren ("Warren") appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing his petition for review. *See Warren v. U.S. Postal Serv.*, No. DC-0752-10-0530-I-1 (M.S.P.B. Aug. 23, 2010) ("*Initial Decision*"); (M.S.P.B. Jul. 26, 2011) ("*Remand Order*"); No. DC-0752-10-0530-B-1 (M.S.P.B. Oct. 14, 2011) ("*Initial Decision on Remand*"); (M.S.P.B. Apr. 18, 2012) ("*Final Order*"). Because the Board's decision is supported by substantial evidence, we *affirm*.

## BACKGROUND

Warren was employed as a Rural Carrier with the United States Postal Service ("USPS") and was removed in 2009 for unsatisfactory work performance. Warren appealed his removal to the Board, alleging that it was the product of age and race discrimination, as well as retaliation for filing a grievance. In August 2010, the administrative judge ("AJ") issued an initial decision affirming the removal action. *Initial Decision* at 13. The AJ concluded that USPS had proven Warren's unsatisfactory work performance by a preponderance of the evidence, finding he had violated an important safety policy about which he had received specific and extensive training. *Id.* at 4–6. However, the AJ also found that the agency's deciding official, Postmaster Kevin Claus ("Claus"), erred by relying upon Warren's "poor performance, inability to get along with [others], and 'bad attitude'" as aggravating factors, because these factors were not articulated in the USPS's proposed removal notice. *Id.* at 12. The AJ then conducted a new analysis of the reasonableness of the penalty in light of the factors delineated in *Douglas v. Veterans Administration*, 5

M.S.P.R. 280, 305–06 (1981),[1] disregarding any consideration of Warren's general performance, attitude, or interpersonal relations, and nevertheless concluded that removal was warranted. *Id.* at 12–13. The AJ also concluded that Warren failed to prove his removal was the product of age discrimination, that there was no evidence supporting a finding that race was a factor, and that there was no merit to his retaliation claim. *Id.* at 6–10.

Warren petitioned for reconsideration by the full Board, contesting for the first time the merits of his prior disciplinary actions that supported the removal decision. *Remand Order* at 2. The Board affirmed the AJ's findings, found no clear error in the USPS's or the AJ's consideration of the prior disciplinary actions, and agreed that Warren failed to establish a claim of disparate penalty. *Id.* at 2–3. The Board *sua sponte* addressed the AJ's finding that Claus improperly relied upon the fourth *Douglas* factor and held that, although the AJ's assessment was consistent with the Board's case law at the time of the initial decision, that law was no longer correct in light of our decision in *Ward v. United States Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011) (holding that appellant's right to due process may be violated if deciding official considers new and material information when determining whether to impose enhanced penalty). Accordingly, the Board remanded the August 2010 decision with instructions to consider whether Claus's consideration of aggravating factors violated Warren's due

---

[1] The Board's opinion in *Douglas* outlines factors that supervisors must consider in determining an appropriate penalty to impose for an act of employee misconduct, the fourth of which is "the employee's past work record, including length of service, performance on the job, ability to get along with fellow coworkers, and dependability." 5 M.S.P.R. 280, 305–06.

process rights, and, if those rights were not violated, whether USPS committed harmful error. *Id.* at 6–7.

On remand and further hearing, the AJ reaffirmed the removal decision, concluding that USPS did not err with respect to its penalty determination. *Initial Decision on Remand* at 7–9. The AJ found that, even if the proposal notice was somehow defective because it did not specifically state that USPS was considering the substance of misconduct listed in prior disciplinary letters, such defect did not deprive Warren of due process. In particular, the AJ found the information was cumulative because Warren was specifically notified that his prior disciplinary history would be considered and was given opportunity to respond. *Id.* at 7–8. Similarly, the AJ concluded that, even if Warren could demonstrate a procedural defect, such error was harmless because Claus credibly testified that he would have taken the same action regardless of considering the fourth *Douglas* factor. *Id.* at 8. Warren again petitioned for reconsideration by the full Board, which was denied. *Final Order* at 3–4. The initial decision of the AJ thus became the decision of the Board.

Warren appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

### DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

We agree that the Board did not abuse its discretion in dismissing Warren's petition because substantial evidence shows that Warren violated an important safety policy relating to use of delivery vehicles in conducting USPS business, for which he had attended three training sessions in the six months prior to his removal. The Board considered the relevant facts and evidence in sustaining the charge of unsatisfactory work performance. Warren argues that his direct line supervisor provided false testimony and falsified documents; however, even if Warren had denied the factual testimony concerning his misconduct before the AJ, he has provided no basis for us to overturn the AJ's findings. The AJ observed the supervisor's demeanor as she testified and concluded that she was a credible witness. *Initial Decision* at 5–10. *See Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed. Cir. 1985) ("The determination of the credibility of the witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor."); *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986) (holding that a "presiding official's credibility determinations…are virtually unreviewable").

The Board also correctly held that there was no violation of Warren's right to due process. We have set forth three factors relevant to whether a due process violation has occurred because of consideration of information not included in the notice of proposed removal: 1) whether the information is new or merely cumulative; 2) whether the employee knew of the error and had an opportunity to respond; and 3) whether information was of the type

likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone v. FDIC*, 179 F.3d 1368, 1377 (Fed. Cir. 1999). Warren has provided no basis for overturning the Board's conclusion that, contrary to its initial findings, the deciding official, Claus, "did not consider any 'information or documentation' that was outside of the proposal and materials supporting the proposal notice." *Initial Decision on Remand* at 5; *Final Order* at 3. Based on the record before us, we agree with the Board's determination that the AJ did not err in finding that the information regarding Warren's work record was only cumulative of the information contained in the letters recording three separate disciplinary actions prior to his removal, that Warren had notice of this information, and that there was no evidence that the information resulted in undue pressure on Claus to decide in a certain way. *See Initial Decision on Remand* at 7–8; *Final Order* at 3.

The Board also correctly held that there was no harmful procedural error. The Board's regulations define "harmful error" as an "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.56(c)(3); *see Ward*, 634 F.3d at 1281. We have no basis to overturn the AJ's conclusion that Claus credibly testified that the removal action would have been taken notwithstanding any improper consideration of aggravating factors. Thus, even if the USPS committed procedural error in violation of 5 C.F.R. § 752.404(f) by relying on matters without providing Warren with adequate notice, the AJ concluded that Claus would have reached the same conclusion. The Board properly held that any procedural error was therefore harmless. *See Ward*, 634 F.3d at 1282. There was also no error in the

conduct of the hearing. Warren had opportunity to question Claus on the due process and harmful error issues, but asked questions only on the merits of the removal action, which were outside the scope of review on remand. Moreover, the Board correctly found that the AJ did not err on remand in limiting Claus's testimony on his decision-making process regarding the removal determination. In sum, Warren has failed to show that the Board abused its discretion in denying his petition.

We have considered Warren's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

**AFFIRMED**

Costs

No costs.