NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**VERONICA MARQUAND,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

―――――――――――

2024-1474

―――――――――――

Petition for review of the Merit Systems Protection Board in Nos. PH-0752-14-0636-B-1, PH-0752-14-0636-I-1.

―――――――――――

Decided:  December 18, 2024

―――――――――――

VERONICA MARQUAND, Hamden, CT, pro se.

STEVEN C. HOUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

―――――――――――

Before HUGHES, STARK, *Circuit Judges*, and
SCHROEDER, *District Judge*.[1]

PER CURIAM.

Veronica Marquand appeals the final decision of the Merit Systems Protection Board sustaining her removal from her position at the Defense Contract Management Agency. Because the Merit Systems Protection Board's decision was in accordance with the law and supported by substantial evidence, we affirm.

I

On January 21, 2014, the agency issued a notice to Ms. Marquand, which proposed her removal from employment as a GS-12 Contract Price/Cost Analyst at the Defense Contract Management Agency. S.A. 125–28.[2] The proposal was based on her "failure to meet a condition of employment, specifically, Defense Acquisition Workforce Improvement Act (DAWIA) Level II Certification." S.A. 125. Ms. Marquand had not completed two of the core training courses needed to achieve Level II Certification before the requisite deadline. S.A. 125–26. On March 25, 2014, the deciding official, Mark Saldon, found that removal was warranted. S.A. 100–02. Ms. Marquand's removal became effective on March 28, 2014. S.A. 102.

Ms. Marquand appealed her removal to the Board. The administrative judge rejected Ms. Marquand's claim that Level II Certification was not a condition of her employment and affirmed the agency's removal action. *Marquand v. Dep't of Def.*, PH-0752-14-0636-I-1, 2015 WL

---

[1] The Honorable Robert W. Schroeder III, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

[2] Citations to "S.A." refer to the Supplemental Appendix submitted by the respondent with its briefing.

669205 (M.S.P.B. Feb. 9, 2015); S.A. 48–99 (Initial Decision). The administrative judge also rejected Ms. Marquand's claims of harmful procedural error due process violations. S.A. 71–99.

Ms. Marquand subsequently petitioned for full Board review. The Board sustained the administrative judge's finding that Ms. Marquand had failed to meet a condition of employment but found that the administrative judge abused her discretion by denying Ms. Marquand's motion to compel discovery related to disciplinary actions imposed on employees for similar failures to complete certification. *Marquand v. Dep't of Def.*, No. PH-0752-14-0636-I-1, 2016 WL 3648373 (M.S.P.B. July 7, 2016); S.A. 27–47 (Remand Order). Because such information could be relevant to Ms. Marquand's affirmative defense, the Board remanded the case to require the administrative judge to permit discovery regarding the discipline of similarly positioned DCMA employees in the five years preceding Ms. Marquand's removal. S.A. 46.

Following supplementary discovery, the administrative judge again sustained Ms. Marquand's removal. *Marquand v. Dep't of Def.*, No. PH-0752-14-0636-B-1, 2017 WL 2835958 (M.S.P.B. June 29, 2017); S.A. 13–26 (Initial Decision on Remand). The administrative judge found that "removal was the most common action taken" in similar situations. S.A. 22. The administrative judge also rejected Ms. Marquand's due process argument that the deciding official had engaged in ex parte communications regarding similarly situated employees to form his decision to remove her. S.A. 25–26.

Ms. Marquand again sought review by the Board. The Board denied her petition and adopted the Initial Decision on Remand as the Board's final decision. *Marquand v. Dep't of Def.*, No. PH-0752-14-0636-B-1, 2023 WL 8672722 (M.S.P.B. Dec. 14, 2023); S.A. 1–12 (Final Decision).

Ms. Marquand timely petitioned for review of the Board's Final Order in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

The scope of our review in an appeal from the Board is limited. We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020). "We review the Board's factual findings . . . for substantial evidence." *Rueter v. Dep't of Com.*, 63 F.4th 1357, 1364 (Fed. Cir. 2023). "The Board's decision is supported by substantial evidence 'if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Warren v. U.S. Postal Serv.*, 497 F. App'x 22, 24 (Fed. Cir. 2012) (quoting *Brewer v. U. S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981)). For "[p]rocedural matters relative to discovery and evidentiary issues" we "will not overturn the [B]oard on such matters unless an abuse of discretion is clear and is harmful." *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988).

## III

On appeal, Ms. Marquand repeats her assertion that Level II Certification "was never a condition of employment." Pet. Inf. Br. at 1. Substantial evidence unequivocally supports the Board's finding that Level II Certification was required, and that Ms. Marquand was on notice of this requirement. The agency had the authority to require Ms. Marquand to complete Level II Certification based on the Defense Acquisition Workforce Improvement Act, codified in 10 U.S.C. § 1723, and agency directives including DoD Directive 5000.52, DoD Instruction 5000.66, and the DoD Desk Guide. S.A. 51–58. And Ms. Marquand

was given adequate notice of the requirement by the announcement for her position, S.A. 136, and by both her tentative and final job offers. S.A. 133, S.A. 132 ("DAWIA Level II certification is required").

Ms. Marquand also alleges that the agency violated her due process rights because the deciding official issued a defective notice that did not inform her of his reasoning for removal, engaged in ex parte communications, and failed to consider alternatives to removal. Pet. Inf. Br. at 7–8. The Board's findings that Ms. Marquand failed to prove the factual components of these affirmative defenses is supported by substantial evidence.

As to the allegedly defective notice, the Board carefully considered whether the agency had satisfied its obligations to notify Ms. Marquand of the specific reasons for the proposed removal and of her right to review the materials that the agency relied upon and found that it had. S.A. 86–90. The notice of proposed removal laid out the factual basis regarding Ms. Marquand's failure to complete certification, informed her of her right to reply, and advised her that the action was being taken pursuant to 5 C.F.R. § 752, which enumerates the right to request underlying materials. S.A. 125–28. Even though the notice did not specifically mention the right to request materials, the administrative judge found that Ms. Marquand had failed to 1) allege how the agency's failure to specifically advise her of this right violated her due process rights, S.A. 91, 2) "ask[] anyone to review any of the material relied upon in support of the agency's action", S.A. 90, and 3) demonstrate that the agency prejudiced her rights by failing to provide her with a copy of the deciding official's *Douglas* factor analysis prepared in support of the notice of proposed removal. S.A. 93–94.

Substantial evidence also supports the Board's findings that the deciding official (1) did not engage in ex parte communications by discussing her removal with other

agency personnel and (2) that the agency considered alternatives to removal. The deciding official testified that he conversed with agency advisors, the proposing officer, and a labor and employee relations specialist only to evaluate the legal arguments raised in Ms. Marquand's own written response, S.A. 25, and that, although he was not required to do so, he searched for suitable vacancies and explicitly informed Ms. Marquand of the lack of alternative positions in the notice of proposed removal. S.A. 98; *see also* notice of proposed removal at S.A. 101 ("DCMA Sikorsky does not currently have any vacant non-acquisition positions to place you as an alternative to removal from Federal service.").

Finally, Ms. Marquand argues that the Board and the agency committed a great variety of other harmful errors in the handling of her appeal. But she has not established reversible error. For example, she alleges that the Board erred by not giving her additional discovery, but those decisions lie within the sound discretion of the Board, and we find no abuse of such discretion. She also claims that the agency committed a harmful procedural error in failing to either waive her certification requirement or process her course fulfillment request (based on work experience). But the Board properly found that the agency was not required to approve her requests for fulfillment or waiver. S.A. 79–86.

We have considered Ms. Marquand's remaining arguments and find them unpersuasive.

## IV

Because the Board's decision was supported by substantial evidence and otherwise in accordance with law, we affirm.

**AFFIRMED**

MARQUAND v. DEFENSE                                                  7

## COSTS

No costs.